Daniel T. Huang, ESQ. (Cal Bar 185948)
Law Office of Daniel Huang
506 N. Garfield Ave., Ste. 100
Alhambra, CA 91801
Tel: (626) 289-0006
Fax: (626) 289-0005
daniel@danielimmigration.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JIAN MING ZHONG, individually, | Case No.: |
| CHEN ZHONG, individually, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF MANDAMUS |
| PLANTIFFS, | |
| v. | |
| UNITED STATES DEPARTMENT OF STATE; CONDOLEEZZA RICE, in her Official Capacity, Secretary of State of the United States; MAURA HARTY, in her Official Capacity, Assistant Secretary for Consular Affairs, Department of State; ROBERT GOLDBERG, in his Official Capacity, Consul General, U.S. Consulate in Guangzhou; MICHAEL JACOBSEN, in his Official Capacity, Consular Section Chief, U.S. Consulate in Guangzhou; EMILIO T. GONZALEZ, Director of the United States Immigration and Naturalization Service, | |
| DEFENDANTS. | |

///

**INTRODUCTION**

COME NOW Jiang Ming Zhong and Chen Zhong, Plaintiffs in the above captioned case and for cause of action would show unto the Court the following:

1.      This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; and 5 U.S.C. § 702, the Administrative Procedure Act, ("APA").  Plaintiffs file this action to compel all necessary steps needed for the adjudication of their pending applications for lawful permanent residency be taken.

2.      This action is brought against the Defendants to compel action on an immigrant visa application, which was filed by Plaintiff Jian Ming Zhong on behalf of his daughter, Chen Zhong, as a follow to join family member of an approved employment based visa petition.[1]  For nearly three years, the immigrant visa application has been on file with the Defendants, and Defendants have refused to complete processing of the case.[2]  As will be shown, Plaintiffs have followed all procedural requirements of legacy Immigration and Naturalization Service ("legacy INS") in processing their immigration paperwork.  Defendants have arbitrarily changed the procedural requirements for follow to join cases related to the Child Status Protection Act,[3] thereby denying Plaintiffs the unification of their family.

///

///

///

---

[1] Exhibit ("Exh.) G, I-140 approval, p. 23.
[2] Exh. C, email from U.S. Consulate, p. 19.
[3] Child Status Protection Act, Act of August 6, 2002 (hereafter "CSPA"), Pub. L. No. 107-208, 116 Stat. 927(Aug. 6, 2002).

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the present action pursuant to 8 U.S.C.

1153(h), Immigration & Nationality Act § 203(h); 28 U.S.C. § 1331; 28 U.S.C. general

federal question jurisdiction; 8 U.S.C. § 1361, the Mandamus Act; 28 U.S.C. § 2201, the

Declaratory Judgment Act; and 5 U.S.C. § 701-706, the Administrative Procedure Act

("APA").  Cost and fees will be sought pursuant to the Equal Access to Justice Act, 5

U.S.C. § 504 and 28 U.S.C. § 2412(d), *et. seq.*  Relief is requested pursuant to said

statutes.

4.      Venue is proper with this Court pursuant to 28 U.S.C. § 1391(e) because

this is a civil action in which each Defendant is an officer or employee of the United

States or any agency thereof acting in his or her official capacity, or under the color of

legal authority, or any agency of the United States, the action may be brought in any

judicial district in which a plaintiff resides, so long as no real property is involved in the

action.  Plaintiff Jian Ming Zhong is a legal resident of the Northern District of California,

and no real property is involved in this action.

5.      Intradistrict Assignment: This action should be assigned to San Francisco

Division because Plaintiff Jian Ming Zhong resides in that division.    See Local Rules 3-

2(c), (d).

## PARTIES

6.      Plaintiff Jian Ming Zhong[4] is the father of Plaintiff Chen Zhong.[5]  Mr.

Zhong is a lawful permanent resident[6] of the United States pursuant to an approved

---

[4] Hereafter "Mr. Zhong."
[5] Hereafter "Ms. Zhong."

Complaint

employment based immigrant petition application, with a priority date of April 12, 2001.[7]

Mr. Zhong applied for adjustment of status on December 13, 2002, and was adjusted to

that of a LPR on April 26, 2005.[8]  On or about June 28, 2005, Mr. Zhong filed an I-824

application for action on an approved application to request the U.S. Consulate in

Guangzhou to issue an immigrant visa to Ms. Zhong, so as to allow her to "follow to

join" him in the United States.[9]  Although the USCIS approved said I-824 application on

August 30, 2005,[10] the Defendants have refused to issue an immigrant visa to Ms.

Zhong on a technical ground in violation of the law.[11]

      7.      Defendant UNITED STATES DEPARTMENT OF STATE[12] is an agency of

the United States government involved in the acts challenged, employs the officers

named as defendants in this complaint.

      8.      Defendant CONDOLEEZZA RICE is the Secretary of State (hereinafter

"Secretary Rice") of the United States.  This action is brought against Secretary Rice in

her official capacity, as she is charged with the administration and the enforcement of

immigration and nationality laws relating to the powers, duties, and functions of

diplomatic and consular officers of the United States.

      9.      Defendant MAURA HARTY is the Assistant Secretary for Consular

Affairs[13] of the Department of State.  This suit is brought against Assistant Secretary

---

[6] Hereafter "LPR."
[7] Exh. G, I-140 approval, p. 23.
[8] Exh. D, approval notice for Mr. Zhong's I-485 adjustment application, p. 20.
[9] Exh. E, approval notice for I-824 application, p. 21.
[10] Exh. E, approved I-824 application, p. 21.
[11] Exh. C, email from the U.S. Consulate refusing to issue a decision on Ms. Zhong's visa application, p. 19.
[12] Hereafter "DOS."
[13] Hereafter "Assistant Secretary Harty."

Complaint

Harty in her official capacity, as she is charged with oversight of all consular, including visa matters.

10.    Defendant ROBERT GOLDBERG is the Consul General[14] of the U.S. Consulate in Guangzhou.  This suit is brought against Consult General Goldberg in his official capacity, as he is responsible for oversight of all consular activities of the consulate.

11.    Defendant MICHAEL JACOBSEN is the Consular Section Chief[15] of the U.S. Consulate in Guangzhou, and this action is brought against him in his official capacity.  Section Chief Jacobsen is responsible for directing the Immigrant Visa Unit, the unit directly responsible for the processing of immigrant visa applications, including Ms. Zhong's following to join application.

12.    Defendant EMILIO T. GONZALEZ is the Director of the U.S. Citizenship and Immigration Services[16], the agency responsible for processing Plaintiffs' I-824 application, and providing application instructions to the general public on following to join cases.

## FACTUAL ALLEGATIONS

13.    Plaintiff Jian Ming Zhong is a lawful permanent resident from China.[17]   He has lived in the United States since August 1, 1995.[18]

14.    Mr. Zhong is the beneficiary of an I-140 employment based immigrant petition by Hwang's Food, Inc., which was approved on October 25, 2002.[19]  On

---

[14] Hereafter "Consul General Goldberg."
[15] Hereafter "Section Chief Jacobsen."
[16] Hereafter "USCIS."
[17] Exh. D, approval notice of Mr. Zhong's adjustment application, p. 20.
[18] Exh. A, copy of Mr. Zhong's admission visa, p. 17.

Complaint

December 12, 2002, he submitted an I-485 application for adjustment of status to the

Texas Service Center.[20]  In his I-485 application, Mr. Zhong included his wife Yu Qing

Wang and only child, daughter Chen Zhong as following to join family members.[21]

15.    At the time when Mr. Zhong submitted his I-485 application, the legacy

INS required that an I-824 application, used for processing of following to join family

members living overseas, to be filed after the principal's adjustment application has

been approved.  Even now, the accompanying instructions on the I-824 form state:

**"When Should I Use Form I-824?**

You should use Form I-824 to request the Bureau of Citizenship and Immigration
Services (CIS) to provide further action on a previously approved petition or
application.

Note: The CIS will not process Form I-824 if your petition or application has been
denied or has not yet been approved. This form should not be used to verify the
status of a pending petition or application. (Instruction Sheet to Form I-824 (Rev.
07/30/07)"[22]

16.    Mr. Zhong had followed the instructions of the legacy INS, by waiting until

after his adjustment application was approved before filing the I-824 application for his

daughter.  Said I-824 was submitted on June 28, 2005, and approved on August 30,

2005.[23]

17.    On November 17, 2007, after waiting for more than 10 years to be

reunited with his only child, Mr. Zhong received an email from the U.S. Consulate in

Guangzhou, stating that no visa can be issued to Ms. Zhong because she had failed to

[19] Exh. G, approved I-140, p. 23.
[20] Exh. D, p. 20.
[21] Exh. F, p. 22.
[22] Exh. I, I-824 instruction, 2007-2008 version, p. 32.
[23] Exh. E, I-824 approval notice, p. 21.

Complaint

submit a DS-230 Part 1 within one year of the visa becoming available,[24] as required by the DOS for case processing under the Child Status Protection Act.[25]

18.     Under the CSPA, derivative children in employment-based categories will retain their derivative status upon turning age 21 if they are under 21 using their "adjusted age" on the date the principal beneficiary's category becomes current.  The adjusted age is determined by subtracting from the child's biological age the number of days the I-140 petition was pending before approval by the USCIS.[26]  To qualify under this section of the CSPA, the child must have "sought to acquire the status of an alien lawfully admitted for permanent residence within one year of such availability."[27]  In January of 2003, the DOS issued a guidance memorandum, interpreting the "sought to acquire" language for following to join cases to mean that the principal applicant must have submitted an I-824 application or DS 230 Part I with the USCIS or DOS on the minor child's behalf within one year of the visa number becoming available.[28]

19.     In the present case, Ms. Zhong was born on April 29, 1985.  The I-140 petition for Mr. Zhong was pending for 169 days.[29]  Thus, Ms. Zhong's adjusted date of birth is October 15, 1985.  Based on Ms. Zhong's adjusted age, she did not turn 21 until October 15, 2006, long after the date which Plaintiffs' visa numbers became available.

---

[24] Exh. C, email from U.S. Consulate, p. 19.
[25] Hereafter "CSPA."
[26] CSPA § 3, amending and adding 8 U.S.C. § 1153(h)(1)(A).
[27] Id.
[28] Exh. H, pp. 28-29, ¶19, 22.
[29] Exh. G, approved I-140 petition; p. 23.

Complaint

20.    Although Mr. Zhong had included his daughter as a following to join family member on his adjustment application, which was filed on December 23, 2002,[30] the DOS is now refusing to issue a visa to Ms. Zhong on the ground she had failed to comply with the DOS filing requirement for CSPA cases.[31]

21.    The DOS did not announce the DS-230 Part I /form I-824 filing requirement until January of 2003, more than one year after Mr. Zhong submitted his adjustment application to the legacy INS.[32]  According to DOS policy, an I-824 form may be accepted in follow to join cases if the I-824 is filed concurrently with the principal's I-485 adjustment application.[33]  Even if there was not an I-824 filed, DOS policy states where the applicants "have taken some other concrete step to obtain status for themselves within the one year time frame", posts should submit such cases to the Department for an advisory opinion.[34]  In Ms. Zhong's case, the U.S. Consulate is withholding a decision on Ms. Zhong's application without giving any explanation.[35]

22.    As a matter of practice, the legacy INS and USCIS require the I-824 form for following to join family members to be filed after the approval of the principal's I-485 application.  In fact, the I-824 form is entitled "Application for Action on an Approved Application or Petition," and the most updated USCIS form instruction clearly states:

> "USCIS to notify a U.S. Consulate that your status has been adjusted to permanent resident. Check Box C. This is to request USCIS to notify a specific U.S. Consulate that your status has been adjusted to that of a lawful permanent resident so that your spouse and/or child(ren) may apply for an immigrant visa.

---

[30] Exh. D, I-485 approval notice, p. 20; Exh. F, page from I-485 application listing following to join family members, p. 22.
[31] Exh. C, email from U.S. Consulate, p. 19.
[32] Exh. H, DOS cable on CSPA, pp. 24-31.
[33] Id.
[34] Exh. H, Id., p. 29, ¶23.
[35] Exh. C, email from U.S. Consulate, p. 19.

Complaint

This notification is available **only on following-to-join immigrant relative visas based on a principal's employment**, fiancé(e) or diversity status."[36]

In fact, the USCIS did not issue a memorandum on the concurrent filing of I-824 form until April of 2008.[37]  The CSPA statute does not insist upon the filing of an I-824 application, thus allowing applicants to show by other indicia that they "sought to acquire" LPR status.  Plaintiffs believe the 2008 procedural guidance by the USCIS is especially unwarranted given the agency's own contradictory I-824 instruction sheet and the past practice of some of its officers denying I-824 applications concurrently filed with I-485 pacakges. If trained government officers did not know that form I-824 could be concurrently filed with an I-485, the Defendants cannot reasonably expect Plaintiffs to comply with the same requirement when Mr. Zhong's I-485 application was filed back on December 23, 2002.

23.    By retroactively applying the DS-230 Part I/I-824 filing requirement on the Plaintiffs, the Defendants have made it impossible for Ms. Zhong to benefit from the age-out protection of the CSPA.  At the time when Mr. Zhong filed his adjustment application in 2002, neither DOS or USCIS had announced the DS-230 Part I / I-824 filing requirement.  Although Mr. Zhong complied with the procedures of the legacy INS, the DOS is now unwilling to issue an immigrant visa to his daughter because he had failed to comply with a procedure that was not announced until more than a year after his priority date became current.

---

[36] Exh. I, I-824 Instruction, 2008, p. 32.
[37] USCIS Memorandum, Revised Guidance for Child Status Protection Act, by Donald Neufeld, Acting Associate Director, Domestic Operations, HQ DOMO 70/6.1 (April 2008).

Complaint

24.    Defendants have unreasonably refused to issue an immigrant visa to Ms. Zhong.  Under the CSPA, Ms. Zhong is eligible to receive an immigrant visa to follow to join her parents in the United States.  But for the State Department's retroactively imposed filing requirement, Ms. Zhong would have been eligible for an immigrant visa.

25.    The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. §701 *et seq.,* have unlawfully withheld or unreasonably delayed action on Plaintiffs' application for an immigrant visa and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

26.    Since 2007, Plaintiffs' lawyers have corresponded with the Defendant U.S. Consulate in Guangzhou regarding the delay in the issuance of Ms. Zhong's visa.[38]

27.    The issuance or denial of visas is the responsibility of consular officers and was conferred by the Immigration and Nationality Act of 1952.  Li Hing of Hong Kong Inc. v. Levin, 800 F.2d 970, 971 (9th Cir. 1986); 8 U.S.C.§ 1201(a)(1); 8 U.S.C. §§1101(a)(9), (16).

28.    No judicial or administrative review is available for a consular officer's decision to issue or deny a visa as this has been held to be a discretionary duty.  Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997); Li Hing of Hong Kong, Inc., 800 F.2d at 971; Luo v. Coultice, 178 F.Supp. 1135, 1139(C.D.Cal. 2001)

29.    However, Patel, the Court of Appeals for the 9th Circuit established that the non-reviewability doctrine is inapplicable when a consular officer fails to follow his or her on-discretionary duties, and that failure to make a decision to issue or deny a visa is such a non-discretionary duty.  See Patel, 134 F.3d. at 931.

---

[38] Exh. B, inquiry letter by former lawyer, p. 18.

Complaint

30.    In addition, the Ninth Circuit Court has found jurisdiction where the basis of a consular officer's decision on a visa application was not one of the permissible grounds enunciated by the agency's own regulations.  See Wong v. Department of State, 789 F.2d 1380 (9th Cir. 1986).

31.    Action on visa application by a consular officer is mandatory.  22 C.F.R. § 42.81(a).  The consular officer must either issue or refuse the visa.  Id.  In complying with the regulations, the State Department's Foreign Affairs Manual Stipulates that there is no such thing as a pending case or informal refusal once a formal application has been made.  9 Foreign Affairs Manual 42.81 N1.  Therefore, action on a visa application is not only mandatory, it is required by law.  Patel, 134 F.3d at 932.

## DECLARATORY AND INJUNCTIVE RELIEF ALLEGATIONS

32.    An actual and substantial controversy exists between Plaintiffs and Defendants as to their respective legal rights and duties.  Plaintiffs contend that Defendants' actions violate Plaintiffs' rights.  Defendants contend the opposite.

33.    Defendants' failure to timely process Ms. Zhong's immigrant visa application has caused and will continue to cause irreparable injury to Plaintiffs.  Plaintiffs have no plain, speedy, and adequate remedy at law.

## CAUSES OF ACTION

## COUNT ONE

34.    Paragraphs 1 through 25  are incorporated herein.

35.    The Administrative Procedure Act requires administrative agencies to conclude matters presented to them within a "reasonable time." 5 U.S.C. § 555.  A

Complaint

district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).  The court may hold unlawful and set aside agency action, that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D).  "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

36.    The refusal of the Defendants to issue an immigrant visa to Ms. Zhong is in violation of the agency's own regulations under 22 C.F.R. § 42.81(a); 9 FAM 42.81 N1.

37.    In failing to act on Ms. Zhong's immigrant visa application, Defendants are thwarting congressional intent underlying the CSPA, that is, to promote family unity and avoid the tragic consequences of keeping families apart after years of waiting.

38.    The Defendants, in violation of the Administrative Procedures Act and 22 C.F.R. § 42.81(a), are unlawfully withholding or unreasonably delaying action on Plaintiffs' application, and have failed to carry out the non-discretionary adjudicative function delegated to them by law with regard to Plaintiffs' case.

39.    By regulation, legacy INS and USCIS will process I-824 applications after the principal's application for adjustment of status is approved.  Prior to January of 2003, the legacy INS would reject an I-824 if it was filed concurrently with the principal's I-485 application.

40.    In or about January 2003, DOS added a new requirement on following to join cases which conflicts with legacy INS procedure.  By requiring the principal to file

an I-824 or DS-230 Part I within one year of the immigrant visa becoming available for the principal applicant,[39] the DOS is essentially asking the applicants to ignore established INS practices by altering the filing procedure for following to join children. To make matters worse, by retroactively applying the new requirement to all following to join cases under the CSPA, the DOS has effectively removed Ms. Zhong from the group of children protected under the CSPA.  This added requirement of having to file an I-824 or DS-230 Part I within one year of the visa availability constitutes a substantive rule that departed from prior policy and practice.

41.    Defendants implemented the DOS filing requirement for following to join without giving notice and providing a period for public comment, even though the DOS filing requirement constitutes a substantive rule that departed from prior policy and practice.

42.    Defendants' failure to provide a notice-and-comment period prior to implementing the DOS filing requirement violates the Administrative Procedures Act, 5 U.S.C. § 553.

43.    The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of life, liberty, or property without due process of law.

44.    Defendants have a pattern, practice, or policy of refusing to issue immigrant visas to children following to join their parents by retroactively imposing the DOS filing requirement to deny them of the "age out" protection under the CSPA in violation of 8 U.S.C. § 1153(h)(1)(A).  The Defendants' denial of CSPA protection and

---

[39] Hereafter "DOS Filing requirement."

Complaint

refusal to issue an immigrant visa to Ms. Zhong violate Plaintiffs' rights to due process of law.

45.    As a result of Defendants' actions, Plaintiffs have suffered and continue to suffer injury.  Declaratory and injunctive relief is therefore warranted.

46.    Plaintiffs, through their attorneys, have made numerous attempts to secure a final decision, all to no avail.  Only consular officers are able to make decisions on visa issuance or denial, leaving no other adequate remedy.  Accordingly, Plaintiffs have been forced to pursue the instant action.

## PRAYER

47.    WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court:

(a)    Accept jurisdiction and maintain continuing jurisdiction of this action.

(b)    Declare as unlawful the violation by Defendants of the Immigration and Nationality Act for failing to act on an approved immigrant visa application for a following to join child.

(c)    Declare Defendants' failure to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case as agency action unlawfully withheld and unreasonably delayed pursuant to 5 U.S.C. § 706(1).

(d)    Declare Defendants' retroactive application of the DS-230 Part I / I-824 filing requirement on the Plaintiffs is unlawful in violation of the APA and Plaintiffs' right to due process.

(d)    Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling the Defendants to take action on Ms. Zhong's immigrant visa application.

(e)    Issue a writ in the nature of mandamus pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling the Defendants to take action on Ms. Zhong's application by either approving or denying said application, and if the application is refused, that the decision include justification to preclude the sense of retaliation for having brought this lawsuit or for having exposed the Defendants' violation of the law;

(f)    Grant attorney's fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. § 2412.

(g)    Granting such other relief at law and in equity as justice may require.

Dated June 4, 2008

Respectfully submitted,

_____
Daniel T. Huang, CBN 185948
Attorney for Plaintiffs
Law Office of Daniel Huang
506 N. Garfield Ave., Ste. 100
Alhambra, CA 91801

Complaint

<u>Zhong et al v. Rice et al</u>, Case Number:

**LIST OF ATTACHMENTS**

<u>*Exhibit*</u>        <u>*Description*</u>

**A**          Copy of Mr. Zhong's entry visa, p. 17

**B**          Inquiry letter by former lawyer, p. 18

**C**          Email reply from U.S. Consulate in Guangzhou, p. 19

**D**          Approval notice of Mr. Zhong's adjustment application, p. 20

**E**          Approval notice for I-824 application for action on an approved
               application or petition, p. 21

**F**          Page from adjustment application, p. 22

**G**          Approved I-140 petition, p. 23

**H**          DOS Cable on processing of Child Status Protection Act, pp. 24-31

**I**          I-824 Instruction, 2008, p. 32.

Complaint



**LINFENG ZHOU, P.A.**
ATTORNEYS AT LAW
3107 STIRLING ROAD, SUITE 106
FT. LAUDERDALE, FLORIDA 33312-6558

LINFENG ZHOU *
JIANDONG HONG

Tel.: (954) 983-6176
Fax: (954) 983-7198

*Also member of Ohio Bar

E-Mail: LinfengZhouPA@aol.com

October 4, 2007

US Consulate General Guangzhou
#1 Shamian South Street
Guangzhou, China 510133

      Re: Reconstructuon of a missing file
          Case Type: I-824
          Class: E36
          Receipt number: SRC-05-191-53133
          Petitioner: ZHONG, Jianming
          Beneficiary: ZHONG, Chen

Dear Sir/Madam:

During a phone inquiry, my client was told that your office couldn't find any file in relate to the above-mentioned case, enclosed please find the following items in connection with this application for you to reconstruct the case:

1. A copy of I-824;
2. A copy of Approval Notice for I-824;
3. A copy of Notarial Certificate of birth of the beneficiary;
4. A copy of Permanent Resident Card of petitioner;
5. G-28
6.

**Please be noted that petitioner's adjustment of status was approved on April 26, 2005. Pursuant to The child Status Protection Act of 2002 (CSPA), we believe that the beneficiary shall able to adjust as a "child" even she is no longer under the age 21.**

Very truly yours,

Jian-dong Hong, Esq.
Enclosures

1

Following to join visa application for Zhong, Jian Ming (GUZ2006227021)          Page 1 of 1

**From:** GuangzhouIVReply <GuangzhouIVReply@state.gov>
**To:** LinfengZhouPA@aol.com
**Subject:** Following to join visa application for Zhong, Jian Ming (GUZ2006227021)
**Date:** Mon, 19 Nov 2007 10:08 pm

Dear lawyer,

We noticed that your client is willing to sponsor his daughter Ms. Zhong to go to America.  However, according to our calculate, Ms. Zhong is not eligible to benefit from the Child Status Protection Act (CSPA).

To benefit from the protections of the CSPA, the applicant must submit a completed DS-230 Part I within one year of his/her visa first becoming available. In Mr. Zhong's case, this happened on Octocber 2001.  However, Mr. Zhong did riot submit his daughter's forms until June 28, 2005 according to I-824 approval notice.  That's over almost 4 years after the visa became available.  Therefore, Mr. Zhong's daughter is ineligible.

Plesae be advised that we are unable to reconstruct the case under this circumstance. For more details, please refer again to our website HTTP://GUANGZHOU.USCONSULATE.GOV/CSPA.HTML , especially paragraph 15 to 18.

Sincerely,

Immigrant Visa Unit
US Consulate General Guangzhou

Complaint
Page 19

MAY-03-2005 10:00 PM  BEIJ .GEXPRESS          95    793          P.01

Department of Homeland Security
U.S. Citizenship and Immigration Serv

**I-797, Notice of Action**

# THE UNITED STATES OF AMERICA

| | |
|---|---|
| RECEIPT NUMBER<br>SRC-03-059-51093 | CASE TYPE  I485    APPLICATION TO ADJUST TO PERMANENT<br>RESIDENT STATUS |
| RECEIPT DATE<br>December 23, 2002  PRIORITY DATE<br>April 12, 2001 | APPLICANT  A96 080 608<br>ZHONG, JIANMING |
| NOTICE DATE<br>April 26, 2005  PAGE<br>1 of 1 | |

| | |
|---|---|
| JIANMING ZHONG<br>NE 29 ST 240<br>POMPANO BEACH FL 33064 | Notice Type:  Approval Notice<br>Section:  Adjustment as direct<br>beneficiary of immigrant<br>petition<br>COA: E36 |

Your application for permanent resident status has been approved. We must complete the process to issue your Permanent Resident Card (I-551). Please make an InfoPass appointment to visit your local office at www.uscis.gov. When you arrive, your fingerprint and signature will be taken for processing of your Permanent Resident Card.

IMPORTANT: Please bring this notice, your Arrival/Departure Record (Form I-94), your valid passport or other government issued photo ID, and two PASSPORT style photos that were taken within 30 days of your appointment. Use a pencil to lightly print your name and alien number (A#) as shown in this notice, on the back of each photo. Additional information about the photo requirements can be found at www.state.gov.

If you do not have a valid passport and require temporary evidence of your status, you should bring a third passport style photo.

(954) 547-3976

(cell)

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
Customer Service Telephone: (800) 375-5283



Department of Homeland Security
U.S. Citizenship and Immigration Service

I-797, Notice of Action

## THE UNITED STATES OF AMERICA

| | | | |
|---|---|---|---|
| RECEIPT NUMBER SRC-05-191-53133 | | CASE TYPE I824   APPLICATION FOR ACTION ON AN APPROVED APPLICATION OR PET. | |
| RECEIPT DATE June 28, 2005 | PRIORITY DATE April 12, 2001 | PETITIONER A096 080 608 ZHONG, JIANMING | |
| NOTICE DATE August 30, 2005 | PAGE 1 of 1 | BENEFICIARY ZHONG, CHEN | |

PHILIP GUO ESQ
BECKER & POLIAKOFF P A
3111 STIRLING RD
FORT LAUDERDALE FL 33312-6525

Notice Type:  Approval Notice
Class: E36
Consulate: GUANGZHOU

The above application has been approved.  We have notified the consulate listed above that the applicant's status has been adjusted to that of a lawful permanent resident

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA

I CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF THE ORIGINAL

LINFENG ZHOU
ATTORNEY AT LAW

JIAN-DONG HONG
MY COMMISSION # DD 412711
EXPIRES: July 30, 2009
Bonded Thru Budget Notary Services

Please see the additional information on the back.  You will be notified separately about any other cases you filed
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
Customer Service Telephone: (800) 375-5283

Form I-797 (Rev. 09/07/93) N

## Part 3. Processing Information.

| A. City/Town/Village of Birth | Current Occupation |
|---|---|
| WUHAN | UNEMPLOYED |

| Your Mother's First Name | Your Father's First Name |
|---|---|
| QINGXIU | SHAOQING |

Give your name exactly how it appears on your Arrival /Departure Record (Form I-94)

ZHONG, JIANMING

| Place of Last Entry Into the U.S. (City/State) | In what status did you last enter? (Visitor, student, exchange alien, crewman, temporary worker, without inspection, etc.) |
|---|---|
| SAN FRANCISCO / CA | |
| Were you inspected by a U.S. Immigration Officer? ☒ Yes ☐ No | B-1 |

| Nonimmigrant Visa Number | Consulate Where Visa Was Issued |
|---|---|
| 1995212668001 | BEIJING |

| Date Visa Was Issued (month/day/year) 08/01/1995 | Sex: ☒ Male ☐ Female | Marital Status ☒ Married ☐ Single ☐ Divorced ☐ Widowed |
|---|---|---|

Have you ever before applied for permanent resident status in the U.S.? ☒ No ☐ Yes If you checked "Yes," give date and place of filing and final disposition.

B. List your present husband/wife and all your sons and daughters. (If you have none, write "none." If additional space is needed, use a separate piece of paper )

| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
|---|---|---|---|
| WANG | YUQING | | 02/02/1958 |
| Country of Birth | Relationship | A # | Applying with You? |
| CHINA | Spouse | NONE | ☐ Yes ☒ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| ZHONG | CHEN | | 04/29/1985 |
| Country of Birth | Relationship | A # | Applying with You? |
| CHINA | Daughter | NONE - | ☐ Yes ☒ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| | | | |
| Country of Birth | Relationship | A # | Applying with You? |
| | | | ☐ Yes ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| | | | |
| Country of Birth | Relationship | A # | Applying with You? |
| | | | ☐ Yes ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| | | | |
| Country of Birth | Relationship | A # | Applying with You? Contin |
| | | | ☐ Yes ☐ No attac |

C. List your present and past membership in or affiliation with every political organization, association, fund, foundation, party, club, society or similar group in the United States or in other places since your 16th birthday. Include any foreign military service in this part  If none, write "none."  Include the name(s) of the organization(s), location(s), dates of membership from and to, and the nature of the organization (s) If additional space is needed, use a separate piece of paper

NONE

U.S. Department of Justice
Immigration and Naturalization Service

## Notice of Action

### UNITED STATES OF AMERICA

| | |
|---|---|
| **RECEIPT NUMBER**<br>SRC-02-169-52196 | **CASE TYPE** I140<br>IMMIGRANT PETITION FOR ALIEN WORKER |
| **RECEIPT DATE**<br>May 9, 2002 | **PRIORITY DATE**<br>October 4, 2001 | **PETITIONER**<br>HWANGS FOOD INC DBA BEIJING EXPRES |
| **NOTICE DATE**<br>October 25, 2002 | **PAGE**<br>1 of 1 | **BENEFICIARY** A96 080 608<br>ZHONG, JIANMING |

| | |
|---|---|
| PHILIP GUO ESQ<br>BECKER AND POLIAKOFF P A<br>3111 STIRLING RD<br>FORT LAUDERDALE FL 33312 | Notice Type: Approval Notice<br>Section: Skilled Worker or<br>Professional,<br>Sec.203(b)(3)(A)(i) or (ii) |

The above petition has been approved. The petition indicates that the person for whom you are petitioning is in the United States and will apply for adjustment of status. He or she should contact the local INS office to obtain Form I-485, Application for Permanent Residence. A copy of this notice should be submitted with the application, with appropriate fee, to this Service Center. Additional information about eligibility for adjustment of status may be obtained from the local INS office serving the area where he or she lives, or by calling 1-800-375-5283.

If the person for whom you are petitioning decides to apply for a visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, with this office to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

I CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF THE ORIGINAL

LINFENG ZHOU
ATTORNEY AT LAW

JIAN-DONG HONG
MY COMMISSION # DD 412711
EXPIRES July 30, 2009
Bonded Thru Budget Notary Services

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
Customer Service Telephone: (214) 381-1423



EMBASSY OF THE UNITED STATES

Close Window

‣ Visa Services
‣ Non-Immigrant
   Visas
▾ Immigrant Visas
      What's New
      Important Notice
      Fiancé(e) Visas
      Diversity Visas
      Life Act Visas
      State Dept. Visa
      Services
      Contact US
‣ Fraud Prevention
   Unit
‣ Adoption
‣ Passport
   Information
‣ Visa Information
   Center

# Immigrant Visas

## SUBJECT: CHILD STATUS PROTECTION ACT: ALDAC #2

### REF: (A) 02 STATE 163054 (B) 02 STATE 123775

-------
SUMMARY
-------

1. This cable reiterates/clarifies the main points of the Child Status Protection Act of 2000 ("CSPA"), limits the mandatory advisory opinion requirement to a narrow class of cases, and announces revisions to certain important aspects of the preliminary guidance set forth in reftel.

2. Posts should note that the CSPA requires a three-step process:

-- First, determine whether the CSPA applies. Under the revised guidance, the CSPA may apply to any case involving a petition approved on or after August 6, 2002. The CSPA may also apply to certain cases involving petitions approved before August 6, 2002, but only if either: (a) the alien aged out on or after August 6, 2002, or (b) the alien aged out before that date but had applied for a visa before aging out and was refused under 221(g). If the petition was approved before August 6, 2002 and the alien aged out before that date and failed to apply before aging out (or applied after aging out and was denied on that basis), then the CSPA would not apply. If the alien applied before August 6, 2002 and was refused on any ground other than 221(g), the case must be submitted for an advisory opinion.

-- Second, if the CSPA applies to the case, then calculate the alien's age under the CSPA.

-- Third, in Section 3 (preference and DV) cases, verify that the alien sought LPR status within one year of visa availability. Under the revised guidance, this generally means that the applicant must submit the completed DS-230, part 1 (instead of having to file a visa application) within one year of a visa becoming available. However, if the principal applicant adjusted to LPR status in the U.S. and the derivative seeks a visa to follow to join, then the law shall be interpreted to require generally that the principal have filed a Form I-824 for the derivative within one year of a visa becoming available.

3. Posts should also note the following:

-- Under the revised guidance, K-4 applicants (like V applicants) cannot benefit from the CSPA.
-- Aliens who would convert to IR-2 status from F1 as a result of the CSPA may opt out of that conversion, which would allow them to bring in children as F1 derivatives.

Complaint
Page 24

END SUMMARY

```
-------------------------------------
```
How to Approach a Potential CSPA Case
```
-------------------------------------
```

4. Ref A Aldac has generated numerous queries, and Department has reconsidered some of its preliminary guidance. Accordingly, Department is providing further clarification of the CSPA rules.

5. Depending on the visa category, there are two or three basic steps to approaching a CSPA case: -- First, apply the rules in Section 8 of the CSPA to determine whether the CSPA applies to the case. (See paras 6-11 below.) -- Second, if the CSPA applies, calculate the alien's age, using the age formula in either CSPA Section 2 (for unmarried offspring of Amcit petitioners) or CSPA Section 3 (for preference and DV cases). (See paras 12-14.) -- Third, if the case is a Section 3 (preference or DV) case, verify that the alien has sought LPR status within one year of visa availability. (See paras 15-25.)

```
---------------------------------------------
```
Step One: Does the CSPA Apply to the Case?
```
---------------------------------------------
```
6. The CSPA went into effect on August 6, 2002. The law applies to immigrant visa cases initiated after that date but has a somewhat more limited applicability to cases that were already in progress on the day the law went into effect. CSPA Section 8 defines which cases are covered by the CSPA. As stated in paragraph 17 of Ref A, Section 8 provides that the CSPA applies to cases where either: -- the petition was filed after 8-6-02; or -- the petition was filed before 8-6-02 and was still pending (i.e., not yet approved) on that date; or -- the petition was approved before 8-6-02, but only if a final determination had not been made on the beneficiary's application before that date.

7. Most of the cases posts are likely to see in the first few years, at least in the family-based preference category, are cases in the third group -- in which the petition was approved before 8-6-02. It is important that as a threshold matter, posts closely examine such cases to determine whether the CSPA would even apply to the case.

8. Paragraph 17 of Ref A advised that on a preliminary basis, Department would interpret CSPA Section 8 to mean that beneficiaries whose petitions had been approved prior to 8-6-02 could not benefit from the CSPA unless the beneficiary actually filed an immigrant visa application before 8-6-02 and no "final determination" had been made on that application. This preliminary interpretation has since been refined. Under the revised interpretation, if the petition was approved before 8-6-02, then the CSPA will not apply unless either: (a) the alien aged out on or after 8-6-02, or (b) the alien aged out before 8-6-02 but, prior to aging out, had applied for an immigrant visa and was refused under 221(g).

9. If the petition was approved before 8-6-02 and the alien aged out before that date and either failed to apply for a visa or applied after aging out and was refused on that ground, then the CSPA would not apply. If the alien applied before August 6, 2002 and was refused on some other ground besides age-out or 221(g) grounds but that refusal ground has been overcome/waived (such as an overcome 212(a)(1), 212 (a)(4), 212(a)(5) refusal, or a 212(a) refusal that was subsequently waived), then the case should be submitted to CA/VO/L/A for an advisory opinion. (If the alien was

refused on a ground that has not been overcome or waived, then the alien could not qualify for a visa anyway, regardless of whether the alien's age would be under 21 under the CSPA, and therefore there would be no need to submit an AO request on the CSPA issue.)

10. NOTE: In determining whether an alien aged out before or after August 6, 2002, post should keep in mind that the special 45-day Patriot Act rules discussed in Ref B Aldac still apply. Under those rules, if the alien is the beneficiary of a petition filed before Sep. 11, 2001, the alien remains eligible for child status for 45 days after turning 21. For example, an alien who turned 21 on August 5, 2002, but who was the beneficiary of a petition filed before Sep. 11, 2001, would not actually age out until 45 days after the alien's 21st birthday, i.e., on September 19, 2002. Therefore, even though the alien in this example turned 21 before the CSPA went into effect on August 6, 2002, the alien did not age out until after that date, and therefore the CSPA would apply to that alien's case, regardless of whether or not the alien had filed an immigrant visa application before August 6, 2002.

11. Posts should note that whether the alien aged out before or after 8-6-02, and whether the alien applied for a visa before 8-6-02, are only relevant if the petition was approved before 8-6-02. If the petition was approved on or after 8-6-02, then the CSPA may be applied to the case, even if the alien aged out before 8-6-02 or even if the alien did not apply for a visa before 8-6-02.

-----------------------------------------------------------
Step Two: Assuming the CSPA Applies, Does the Alien's Age Come Out to Be Under 21, Using the CSPA Formulas?
-----------------------------------------------------------

12. The following is a simplified summary of how to calculate the alien's age in cases where the CSPA has been found to apply:

CSPA Section 2 Cases:

-- For IR-2/3/4: Age is determined using the age the alien had on the date the petition was filed. (As noted in reftel, the CSPA would very rarely be of practical use in IR-3/-4 orphan cases.)

-- For F2 Principal Cases Where the Petitioner Naturalizes and the Applicant Could Convert to Either IR-2 or F1: Age is determined using the age the alien had on the date the petitioner naturalized.

-- For F3 Principal Cases Where the Applicant Divorces and the Applicant Could Convert to Either IR-2 or F1: Age is determined using the age the alien had on the date of the divorce.

CSPA Section 3 Cases:

-- For Principals in F2A Cases, and For Derivatives in Preference and DV cases: Age is determined by taking the age of the alien on the date that a visa first became available (i.e., the date on which the priority date became current and the petition was approved, whichever came later) and subtracting the time it took to adjudicate the petition (time from petition filing to petition approval).

-- Department recognizes that this is a somewhat complicated formula. To assist posts in applying the formula, a worksheet for calculating the alien's CSPA age in Section 3 preference cases is appended at the end of this Aldac. (Paragraph 15 of Ref A contains the special rules for calculating the age of derivatives in DV cases.

Complaint 8
Page 26

Posts are reminded that DV visas cannot be issued after the end of the fiscal year, regardless of whether a derivative might benefit from age-out protection under the CSPA.)

13. If posts need to determine the date on which a particular priority date first fell within the cut-off date for purposes of determining what the alien's age was on the date the case became current, posts should refer to their monthly Visa Bulletin files, or may access this information through the CCD - go to http://CADATA.CA.STATE.GOV, then go to the "Public" tab and scroll down to the "IV Cutoff Dates by Visa Class" and enter a post code and a time period. If post's records or this on-line site do not have the necessary information, posts may contact CA/VO/F/I for further assistance on historical movement of cut-off dates.

14. It is important to note that once it is determined that CSPA applies and the alien's age is determined, the alien's age does not change. The alien retains the same age throughout the pendency of the case. (While the CSPA may prevent the alien's age from changing, the alien must of course still meet the other criteria for "child" status, including being unmarried, and therefore if the alien marries, the alien will lose "child" status, even though the alien's age, for immigration purposes, may be under 21 as a result of the CSPA.)

-----------------------------------------------------
Step 3 (For Preference and DV Cases Only): Did the Alien "Seek LPR Status" (i.e., Submit the DS-230, Part I) Within One Year of Visa Availability?
-----------------------------------------------------

15. As noted in Ref A, preference and DV applicants cannot benefit from the special age-out rules in the recently enacted CSPA unless, in the words of the statute, they have "sought to acquire the status of an alien lawfully admitted for permanent residence" within one year of a visa becoming available. (As explained in Ref A, a visa number is considered to become available when the petition has been approved and the priority date is current, whichever comes later.)

16. Paragraph 12 of Ref A stated that for the purposes of this rule, an applicant would be considered to have "sought to acquire [LPR] status" on the date of the visa application, meaning that a preference or DV applicant could not benefit from the CSPA unless the alien filed a visa application within one year of a visa becoming available. However, concerns have since surfaced that difficulties experienced by the applicant in obtaining or adequately completing required documents or government delays in scheduling appointments for applications may prevent an applicant from applying for an immigrant visa within one year of visa availability, thereby causing the alien to be denied the benefits of CSPA age-out protection through no fault of his/her own.

17. To address this concern, Department has reconsidered its preliminary interpretation and has decided that, in cases where the principal applicant's case goes through visa processing rather than adjustment of status, a better interpretation would be to measure the date on which the applicant first seeks to acquire LPR status as the date on which the applicant submits the completed DS-230, Part I. Therefore, if a preference or DV visa applicant submits the DS-230, Part I within one year of visa availability, then the applicant would be eligible for CSPA benefits, assuming the CSPA otherwise applies to the case. (Note: In older cases that pre-date the creation and use of the DS-230 Part I, posts may look to predecessor versions of or precursors to the DS-230 Part I, such as the OF-230 Part I or the old OF-179 Biographic Data Sheet for Visa Purposes.)

18. Section 3 expressly requires that the alien seeking CSPA benefits take the

necessary steps to seek LPR status within the one-year time frame. In cases involving derivatives, it is not enough that the principal may have taken the required steps within the one-year time frame -- the derivative him/herself must have taken those steps (or the principal must have taken the required step specifically for the derivative, acting as the derivative's agent). Therefore, if the applicant seeking CSPA benefits is a derivative, then the determining factor is the submission of a completed DS-230, Part I, that specifically covers the derivative. The submission of a DS-230 Part I that covers the principal will not serve to meet the requirement.

19. Similarly, derivative applicants seeking to follow to join a principal who was already issued a visa are required to establish that a DS-230 Part I was sent specifically for them (not for the principal) within one year of visa availability. In cases where no record of the case exists at post, it would be the applicant's burden to establish that this requirement was satisfied. The principal alien's A file at INS may contain some documentation relevant to this issue (e.g., an OF-169 signed by the principal applicant but expressly listing the derivative's name as one of the family members intending to immigrate). It would be the alien's burden to present such evidence.

20. If it has been established that a DS-230 Part I was specifically submitted for an alien seeking CSPA benefits, posts must then verify that the Form was submitted within one year of visa availability. To determine the date on which the alien submitted Part I of the DS-230, post may normally refer to the "OF-230 P1 Received" date recorded in the IV system. If a DS-230 Part I was in fact submitted for the alien seeking LPR benefits and the submission date in the IV system is less than a year after visa availability, then the alien normally will have satisfied the requirements of Section 3 and may benefit from the CSPA, absent evidence that the response date related only to the principal and that the DS-230 Part I for the derivative was submitted at some later time subsequent to the principal's response to Packet III. On the other hand, if the DS-230 Part I response date is more than a year after visa availability, then the alien normally would not be eligible for Section 3 CSPA benefits, unless the alien can show that he/she actually made the submission at an earlier date that was within one year of visa availability.

21. Since Packet III (now referred to as the Instruction Package for Immigrant Visa Applicants) is sent out when the priority date falls within the qualifying date, there will be cases when the applicant actually submits the DS- 230, Part I before the priority date is current, i.e., before a visa has even become available. Any case in which the applicant's DS-230, Part I is received before the priority date is current would necessarily meet the requirement that the alien seek LPR status within one year of a visa number becoming available.

22. The requirement that the preference or DV applicant submit the DS-230, Part I within one year of visa availability shall apply only in cases where the principal applicant was processed for a visa at a consular post abroad. If the principal applicant adjusted status in the U.S. and a derivative is applying for a visa abroad to follow-to-join, then the date on which the derivative will be considered to have sought LPR status for purposes of satisfying CSPA Section 3 will generally be the date on which the principal (acting as the derivative beneficiary's agent) filed the Form I-824 that is used to process the derivative's following to join application. Therefore, in cases involving a derivative seeking to follow to join a principal who adjusted in the U.S., the derivative can benefit from the CSPA if the principal filed a Form I-824 for the beneficiary within one year of a visa becoming available (i.e., within one year of the case becoming current or petition approval, whichever is later). The instructions to Form I-485 (the adjustment application) advise aliens

adjusting status in the U.S. who have derivatives abroad to file a Form I-824 for such derivatives, and the I-485 Form indicates that that Form I-824 can be filed simultaneously with the Form I-485 adjustment application. Therefore, the date on which the I-824 is filed may be the same date that the principal filed the I-485 adjustment application.

23. As there are other ways to initiate a following-to- join case besides the filing of an I-824, it may be possible for a derivative alien to satisfy the one-year time limit for seeking LPR status in other ways. If posts encounter cases involving derivatives following to join an adjusted principal who have not had an I-824 filed on their behalf within the required time frame but who have taken some other concrete step to obtain LPR status for themselves within the one year time frame, posts should submit such cases to the Department (CA/VO/L/A) for an advisory opinion.

24. Posts should keep in mind that the mere fact that an alien satisfies the requirement of seeking LPR status within one year of visa availability does not/not mean the alien has not aged out. Rather, it simply means that the alien is potentially eligible for CSPA treatment. Posts must also verify that the CSPA applies to the case (see paras 6-11 above), and, that the alien's CSPA age equivalent is under 21 (see paras 12-14 above).

25. Posts are also reminded that the CSPA requirement that the alien seek LPR status within one year of a visa becoming available applies only to preference and DV cases. (It has little practical effect in DV cases, given the requirement that DV cases be processed within one fiscal year.) The requirement does not apply to IR applicants, and therefore the date that an IR applicant submits the DS-230, Part I, is not relevant to CSPA applicability.

---------------------------------------------
Mandatory Advisory Opinion No Longer Required, Except in Limited Cases
---------------------------------------------
26. Paragraph 13 of Ref A instructed posts to seek advisory opinions from CA/VO/L/A in all cases that fall within section 3 of the CSPA. The Department is changing this policy. Because the guidance in this Aldac is sufficiently detailed for posts to process these cases, advisory opinions are no longer required in CSPA cases, except as noted in paras 9 and 23 above. Other than in the narrow classes of cases referred to in those paragraphs, posts may accord CSPA benefits in any case in which the conoff finds the alien eligible for such benefits, according to the guidance provided above, without the need for an advisory opinion.

27. However, if post has any questions about the applicability of the CSPA in a particular case, Department (CA/VO/L/A) welcomes voluntary advisory opinion requests. Any such requests must have, at a minimum, the following information: -- the alien's date of birth; -- the immigrant visa category; -- whether the alien is a principal or derivative; -- whether the petitioner naturalized and if so, the date of naturalization; -- the alien's marital status and, if ever married, the dates of marriage and dates of divorces; -- the date the petition was filed; -- the date the petition was approved; -- the date the priority date became current; -- the alien's age on the date that a visa became available (i.e., age on date of petition approval or on date priority date became current, whichever is later); -- the date the alien submitted the DS-230 Part I (or, in following to join adjustment cases, the date the adjusting principal filed the I-824); -- the date(s) the principal and relevant derivative alien applied for the IV; -- If any IV application(s) were made prior to the effective date of the CSPA, the outcome of the prior application(s).

-------------------------------

Complaint
Page 29

Correction to Example in Reftel
----------------------------------

28. Department would also like to clarify some confusion engendered by a typographical error in an example provided in the portion of Ref A relating to Section 6 of the CSPA, which addresses the problem currently encountered by Filipino applicants whose parents naturalize. Automatic conversion from F2B to F1 status can disadvantage an applicant in these circumstances due to the less favorable cut-off dates for Filipino F1s. To illustrate how automatic conversion usually benefits an applicant whose parent naturalizes, paragraph 20 of reftel described a case involving a "14 year-old" unmarried French applicant. This, however, was a typographical error. The age that was supposed to be used in the example was 24, not 14. Section 6 would have no relevance to a case involving a 14 year old, since a 14 year old whose parent naturalizes would convert from F2A to IR-2, not F2B to F1, and the child's case would be current as a result of the conversion.

--------------------------------------------------------
Can an Alien Opt Out of Section 2 CSPA Age-Out Benefits?
--------------------------------------------------------

29. Some posts have noted that an IR-2 who aged out and converted to F1 and who now benefits from the special age out rules in Section 2 of the CSPA may prefer not to convert back to IR-2 category. Specifically, F1 aliens with children may prefer to remain F1s so that their children can accompany them to the U.S. as F1 derivatives. That would not be possible if the alien's case were converted to IR-2 because IR-2s cannot have derivatives.

30. Although there is an opt out provision in Section 6 of the CSPA for F2Bs who do not wish to convert to F1 upon the petitioner's naturalization, there is no express opt out provision in the CSPA for aliens who would prefer to remain F1s rather than converting to IR-2 under the special age-out protection rules in CSPA Section 2. However, in Department's view, such aliens may still be processed as F1s, but only if the alien's priority date falls within the F1 cut-off date.

-------------------------------------
CSPA Does Not Apply to Vs or to K-4s
-------------------------------------

31. Department has reconsidered the guidance in reftel and has concluded that the CSPA would not, repeat, not apply to K-4 applicants. Although it may make practical sense to allow such aliens to benefit if an IR-2 petition has been filed on their behalf, under the literal language of the statute the CSPA applies only to the immigrant visa categories specified in the statute and the law does not contain a provision allowing for application to K-4 or other nonimmigrant visa cases. Therefore, in Department's view, we do not have the discretion to apply the law to K- 4s, absent a legislative amendment. As indicated in reftel, the CSPA also does not apply to V visa applicants, even though they are also beneficiaries of an F2A petition. However, both Vs and K-4s can benefit from the CSPA at the time they ultimately apply for IR-2 or F2 immigrant visas.

------------
Cases at NVC
------------

32. As noted in reftel, Department is working with NVC to identify cases at NVC that appear to meet the criteria for CSPA and which now should be forwarded to post as F1 cases that have converted back to IR-2 or F2B cases that have converted back to F2A. Per reftel, posts should make a similar effort to identify cases that can benefit from the CSPA, such as cases where derivatives were recently denied or

removed from cases as over-aged or petitions that had been converted to noncurrent F1 and F2B cases which may now be converted back to IR-2 or F2A cases again.

---------------------------------------------------------
Sample Worksheet for Calculating Age in Section 3 Cases
---------------------------------------------------------

33. The following is a sample worksheet that may be useful in calculating age in Section 3 cases (for principals in F2A cases, and for derivatives in all family-based and employment-based preference categories):

1. Alien's Date of Birth: 2. Date Petition Filed: 3. Date Petition Approved: 4. Length of Time Petition Pending (#3 minus #2): 5. Date Petition Became Current: 6. Date Visa Became Available (Later of #3 or #5): 7. Age of Alien on Date Visa Became Available (#6 minus #1): 8. Age for CSPA purpose: Age at time Visa Became Available minus Length of Time Petition Pending (#7 minus #4):

CAUTION: Only apply the Age in #8 if both: 1. The alien returned the completed DS-230, Part I, within one year of visa availability (or an I-824 was filed on the alien's behalf within that time frame, in cases involving a derivative following to join a principal who adjusted in the U.S.); and/and 2. Either: (a) the petition was not yet approved on Aug 6, 2002, or (b) the petition was approved before that date but the alien seeking CSPA benefits either (i) aged out on or after that date or (ii) aged out before that date but, before aging out, applied for an immigrant visa and was refused under 221(g).

34. Minimize considered.

back to top ^

This page printed from: http://guangzhou.usembassy-china.org.cn/cspa.html

OMB No. 1615-0044; Expires 07/31/08

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Instructions for Form I-824, Application for Action on an Approved Application or Petition

## Instructions

Please read these instructions carefully to properly complete this form. If you need more space to complete an answer, use a separate sheet(s) of paper. Write your name and Alien Registration Number (A #), if any, at the top of each sheet of paper and indicate the part and number of the item to which the answer refers.

### What Is the Purpose of This Form?

Use Form I-824 to request further action on an approved petition or application.

### When Should I Use Form I-824?

You should use Form I-824 to request the U.S. Citizenship and Immigration Services (USCIS) to provide further action **on a previously approved** petition or application.

**NOTE:** USCIS will not process Form I-824 if your petition or application has been denied or has not yet been approved. This form should not be used to verify the status of a pending petition or application.

### General Instructions.

You may file this form at any time while the application or petition is valid.

A separate Form I-824 must be filed for each action being requested. Follow the steps below to complete your application:

**Step 1** - Reason for Filing Form I-824

**Step 2** - Fill Out the Form I-824

#### Step 1. Reason for Filing Form I-824

The reasons why you may request further action are listed in the next column. Check the box in **Part 2** of Form I-824 that applies to your request.

**1. If you are requesting:**

  **A.** A duplicate approval notice. **Check Box A.**

  **NOTE:** The duplicate notice will contain only the information listed on the original Form I-797, Notice of Action. A replacement employment card, Form I-94 or any other USCIS authorization document will not accompany the duplicate approval notice.

  **B.** USCIS to notify a different U.S. Consulate or Port-of-Entry concerning the approval of an application or petition. **Check Box B.** If approved, USCIS will cable information regarding the approval of your application or petition to a different consulate or Port-of-Entry than originally requested.

  **C.** USCIS to notify a U.S. Consulate that your status has been adjusted to permanent resident. **Check Box C.** This is to request USCIS to notify a specific U.S. Consulate that your status has been adjusted to that of a lawful permanent resident so that your spouse and/or child(ren) may apply for an immigrant visa. This notification is available only on following-to-join immigrant relative visas based on a principal's employment, fiancé(e) or diversity status.

  **D.** USCIS to send your approved immigrant visa to the U.S. Department of State's National Visa Center (NVC). **Check Box D.** This is to request USCIS to send your approved immigrant visa to the U.S. Department of State through the NVC.

  **E.** USCIS to notify the U.S. Department of State of your U.S. citizenship status. **Check Box E.** This is to request USCIS to notify the U.S. State Department that you have become a U.S. citizen through naturalization.

  **NOTE:** You may also notify the U.S. Department of State of your status as a U.S. citizen by submitting a copy of your naturalization certificate to the National Visa Center, 32 Rochester Avenue, Portsmouth, NH 03801-2909.

**2. You may not file this form to request:**

  **A.** A duplicate notice for an application or petition that is pending or has been denied; or

  **B.** A duplicate approval notice naming a spouse or children accompanying or following-to-join the principal beneficiary on an approved immigrant petition; or

  **C.** USCIS to cable information to the U.S. Consulate regarding the approval of your expired nonimmigrant application or petition; or

Complaint
Page 32