JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JIAN MING ZHONG and CHEN ZHONG, )<br><br>Plaintiffs, )<br><br>v. )<br><br>UNITED STATES DEPARTMENT OF )<br>STATE, et al., )<br><br>Defendants. )<br>_____ ) | No. C 08-2871 WHA<br><br>NOTICE OF MOTION TO DISMISS/FOR<br>SUMMARY JUDGMENT<br><br>Date: October 9, 2008<br>Time: 8:00 a.m.<br>Ctrm: 9, 19th Floor |

PLEASE TAKE NOTICE THAT on October 9, 2008, at 8:00 a.m., before the Honorable

William H. Alsup, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendants United

States Department of State, et al., by their attorneys, Joseph P. Russoniello, United States Attorney

for the Northern District of California, and Melanie L. Proctor, Assistant U.S. Attorney, will move

this Court for an order dismissing the complaint for lack of subject matter jurisdiction and improper

venue, pursuant to Fed. R. Civ. P. 12(b)(1) and (3).  Alternatively, Defendants move the Court for

an order granting summary judgment in their favor, pursuant to Fed. R. Civ. P. 56(c).

///

///

///

///

1    Defendant's Motion is based on this notice, the points and authorities in support of this

2  motion, the pleadings on file in this matter, the Declarations of Genize Walker, Chloe Dybdahl, and

3  Melanie Proctor, and on such oral argument as the Court may permit.

4  Dated: August 14, 2008                    Respectfully submitted,

5                                             JOSEPH P. RUSSONIELLO
                                              United States Attorney
6

7                                                 /s/
                                              _____
8                                             MELANIE L. PROCTOR
                                              Assistant United States Attorney
9                                             Attorneys for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.    RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.  LEGAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.    LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

            1.    Rule 12(b)(1) Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

            2.    Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B.    JURISDICTION UNDER THE MANDAMUS ACT, THE
            ADMINISTRATIVE PROCEDURE ACT, AND THE
            DECLARATORY JUDGMENT ACT . . . . . . . . . . . . . . . 4

      C.    EMPLOYMENT BASED VISAS AND FOLLOWING TO JOIN BENEFITS . . 5

V.   ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      A.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF
            SUBJECT MATTER JURISDICTION . . . . . . . . . . . 6

            1.    The Doctrine of Consular Nonreviewability
                Precludes Plaintiffs' Claims . . . . . . . . . . . . . . . . . . . . . 6

            2.    Patel Does Not Apply Where The Visa Has Been Refused . . . . . . . . . . . 9

            3.    The Non-Consular Officials Are Not Properly Named . . . . . . . . . . . . . 10

      B.    VENUE IS IMPROPER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            1.    Plaintiffs Do Not Reside In This District . . . . . . . . . . . . . . . . . . . . . . 10

            2.    No Acts or Omissions Occurred In This District . . . . . . . . . . . . . . . . . 11

            3.    The Named Defendants Do Not Reside In This District . . . . . . . . . . . 11

**TABLE OF CONTENTS (cont.)**

C.    ALTERNATIVELY, SUMMARY JUDGMENT SHOULD BE
      GRANTED IN DEFENDANTS' FAVOR BECAUSE THE VISA
      REFUSAL WAS IN ACCORDANCE WITH THE LAW    . . . . . . . . . . 12

**VI.    CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ii

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Allied Chemical Corp. v. Daiflon, Inc.,
    449 U.S. 33, 34 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Alzuraiki v. Heinauer,
    No. 07CV 3189, 2008 WL 413861 (D. Neb. Feb. 13, 2008) . . . . . . . . . . . . . . . . . . . . . . . 5

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Biotics Research Corp. v. Heckler,
    710 F.2d 1375 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Brunette Machine Works, LTD. v. Kockum Industries, Inc.,
    406 U.S. 706 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Bruno v. Albright,
    197 F.3d 1153 (D.C. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Burrafato v. Department of State,
    523 F.2d 554 (2d Cir. 1975), cert. denied, 424 U.S. 910 (1976) . . . . . . . . . . . . . . . . . . . . 8

Califano v. Sanders,
    430 U.S. 99 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Celotex Corp. v. Cattrett,
    477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Centeno v. Schultz,
    817 F.2d 1212 (5th Cir. 1987), cert. denied, 484 U.S. 1005 (1988) . . . . . . . . . . . . . . . 7, 8

Cheney v. U.S. Dist. Ct . for the District of Columbia,
    542 U.S. 367 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fiallo v. Bell,
    430 U.S. 787 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fleifel v. Vessa,
    503 F. Supp. 129 (W.D. Va. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES (cont.)

**FEDERAL CASES (cont.)**

Franz v. United States,
  591 F. Supp. 374 (D.D.C. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Freeman v. Arpaio,
  125 F.3d 732 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Galveston, Harrisburg and San Antonio Railway Co. v. Gonzales,
  151 U.S. 496 (1894) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Garcia v. Baker,
  765 F. Supp. 426 (N.D. Ill. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Grullon v. Kissinger,
  417 F. Supp. 337 (E.D.N.Y. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Haitian Refugee Center v. Baker,
  953 F.2d 1498 (11th Cir.), cert. denied, 502 U.S. 1122 (1992) . . . . . . . . . . . . . . . . . . . . . 8

Hampton v. Mow Sun Wong,
  426 U.S. 88 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Heckler v. Ringer,
  466 U.S. 602 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Hermina Sague v. United States,
  416 F. Supp. 217 (D.P.R. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Kildare v. Saenz,
  325 F.3d 1078 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

King v. Russell,
  963 F.2d 1301 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Kleindienst v. Mandel,
  408 U.S. 753 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Land v. Dollar,
  330 U.S. 731 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

iv

**TABLE OF AUTHORITIES (cont.)**

**FEDERAL CASES (cont.)**

Lem Moon Sing v. United States,
  158 U.S. 538 (1895) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Li Hing of Hong Kong, Inc. v. Levin,
  800 F.2d 970 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Loza-Bedoya v. INS,
  410 F.2d 343 (9th Cir. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Luo v. Coultice,
  178 F. Supp. 2d 1135 (C.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Metro. Water Dist. of S. California v. United States,
  830 F.2d 139 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Norton v. So. Utah Wilderness Alliance,
  542 U.S. 55 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Nova Stylings, Inc. v. Ladd,
  695 F.2d 1179 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Ochoa-Amaya v. Gonzales,
  479 F.3d 989 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Ou v. Chertoff,
  No. 07-3676 MMC, 2008 WL 686869 (N.D. Cal. Mar. 12, 2008) . . . . . . . . . . . . . . . . 10

Patel v. Reno,
  134 F.3d 929 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 10

Perales v. Casillas,
  903 F.2d 1043 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Prudencio v. Hanselmann,
  178 F. Supp. 887 (D. Minn. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Ptaskinska v. U.S. Dept. of State,
  No. 07 C 3795, 2007 WL 3241560 (N.D. Ill. Nov. 1, 2007) . . . . . . . . . . . . . . . . . . . . . 5

## TABLE OF AUTHORITIES (cont.)

**FEDERAL CASES (cont.)**

Rivera de Gomez v. Kissinger,
    534 F.2d 518 (2d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

R.K., ex rel. T.K. v. Hayward United School Dist.,
    No. C 06-7836 JSW, 2007 WL 2778702 (N.D. Cal. Sept. 21, 2007) . . . . . . . . . . . . . . . 3

Reuben H. Donnelley Corp. v. FTC,
    580 F.2d 264 (7th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Romero v. Consulate of United States, Barrangquilla,
    860 F. Supp. 319 (E.D. Va. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Safe Air for Everyone v. Meyer,
    373 F.3d 1035 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Savage v. Glendale Union High School,
    343 F.3d 1036 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004) . . . . . . . . . . . . . . . . 3

Skelly Oil Co. v. Phillips Petroleum Co.,
    339 U.S. 667 (1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Skranak v. Castenada,
    425 F.3d 1213 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Staacke v. U.S. Department of Labor,
    841 F.2d 278 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Stang v. IRS,
    788 F.2d 564 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Svensborn v. Keisler,
    No. C07-5003 TEH, 2007 WL 3342751 (N.D. Cal. Nov. 7, 2007) . . . . . . . . . . . . . . . 7, 9

Thornhill Publ'n Co. v. General Tel. & Elecs. Corp.,
    594 F.2d 730 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States ex rel. Ulrich v. Kellogg,
    30 F.2d 984 (D.C. Cir. 1929), cert. denied, 279 U.S. 868 (1929) . . . . . . . . . . . . . . . . . . 7

TABLE OF AUTHORITIES (cont.)

**FEDERAL CASES (cont.)**

United States. ex rel. London v. Phelps,
    22 F.2d 288 (2d Cir 1927), cert. denied, 276 U.S. 630 (1928) . . . . . . . . . . . . . . . . . . . . . 8

Ventura-Escamilla v. INS,
    647 F.2d 28 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8

Williams v. United States,
    704 F.2d 1222 (11th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**FEDERAL STATUTES**

5 U.S.C. § 701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5 U.S.C. § 701(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

5 U.S.C. § 701(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

5 U.S.C. § 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

5 U.S.C. § 702(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

5 U.S.C. § 706(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

6 U.S.C. § 271(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6 U.S.C. § 551(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

8 U.S.C. § 1101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

8 U.S.C. § 1101(a)(9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8 U.S.C. § 1101(a)(16) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8 U.S.C. § 1101(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

8 U.S.C. § 1151 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8 U.S.C. § 1151(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## TABLE OF AUTHORITIES (cont.)

**FEDERAL STATUTES (cont.)**

8 U.S.C. § 1153 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8 U.S.C. § 1153(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

8 U.S.C. § 1153(h)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

8 U.S.C. § 1153(h)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

8 U.S.C. § 1201(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8 U.S.C. § 1201(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 9, 10

8 U.S.C. § 1361 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1361 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 9

28 U.S.C. § 1391(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. § 1391(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Child Status Protection Act,
    Pub. L. No. 107-208, 116 Stat. 927 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Fed. R. Civ. P. 12(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**FEDERAL REGULATIONS**

8 C.F.R. § 204.5(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## TABLE OF AUTHORITIES (cont.)

**FEDERAL REGULATIONS (cont.)**

22 C.F.R. § 40.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

22 C.F.R. § 42.81 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

22 C.F.R. § 42.81(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

22 C.F.R. § 42.81(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**LEGISLATIVE HISTORY**

H. Rep. No. 1365, 82d Cong., 2d Sess., 1952 U.S.C.C.A.N. 1653 . . . . . . . . . . . . . . . . . . . . . . . . 7

**OTHER AUTHORITIES**

1 RECOMMENDATIONS AND REPORTS
  OF THE ADMINISTRATIVE CONFERENCE 191 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

U.S. Dept. of State Visa Bulletin, Vol. VIII, No. 50 (Oct. 2002) . . . . . . . . . . . . . . . . . . . . . . . . 2

6A WEST'S FEDERAL PRACTICE MANUAL § 7446 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ix

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
3  MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5     450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
6     Telephone: (415) 436-6730
FAX: (415) 436-7169
7
Attorneys for Defendants
8
              UNITED STATES DISTRICT COURT
9
              NORTHERN DISTRICT OF CALIFORNIA
10
              SAN FRANCISCO DIVISION
11

12  JIAN MING ZHONG and CHEN ZHONG,  )    No. C 08-2871 WHA
                                     )
13                      Plaintiffs,  )    MEMORANDUM OF POINTS AND
                                     )    AUTHORITIES IN SUPPORT OF
14         v.                        )    DEFENDANTS' MOTION TO DISMISS
                                     )    OR FOR SUMMARY JUDGMENT
15  UNITED STATES DEPARTMENT OF      )
    STATE, et al.,                   )
16                                   )    Date: October 9, 2008
                                     )    Time: 8:00 a.m.
                        Defendants.  )    Ctrm: 9, 19th Floor
17  _____ )

18                      **I.    RELIEF SOUGHT**

19         Defendants seek an order dismissing this action for lack of subject matter jurisdiction and

20  improper venue, pursuant to Fed. R. Civ. P. 12(b)(1) and (3).  Contrary to Plaintiffs' assertions, the

21  visa was properly refused on December 19, 2007.  Under the longstanding doctrine of consular

22  nonreviewability, the Court lacks subject matter jurisdiction. In addition, aliens may not base venue

23  upon their residence.  Alternatively, Defendants seek an order granting summary judgment in their

24  favor because the visa was properly refused.

25                      **II.    ISSUES PRESENTED**

26         Whether the Complaint should be dismissed for lack of subject matter jurisdiction.

27         Whether the Complaint should be dismissed for improper venue.

28         Whether summary judgment should be granted in Defendants' favor.

MEMORANDUM OF POINTS AND AUTHORITIES
No. C 08-2871 WHA                    1

1

## III.   FACTS

2   On May 19, 2002, Hwang's Food Inc. filed a petition for an alien worker on behalf of

3   Jianming Zhong ("Plaintiff Zhong") with the former Immigration and Naturalization Service

4   ("INS"), now United States Citizenship and Immigration Services ("USCIS").[1]   Declaration of

5   Genize Walker ("Walker Decl."), p. 1 ¶ 4.   The former INS approved the petition on

6   October 25, 2002, under the employment third preference visa category. Id.   His visa was

7   immediately available on this date. U.S. Dept. of State Visa Bulletin, Vol. VIII, No. 50 (Oct. 2002).[2]

8   On December 23, 2002, based on this approved visa petition, Plaintiff Zhong applied to adjust his

9   status.  Walker Decl., p. 1 ¶ 5.  On April 26, 2005, Plaintiff Zhong adjusted his status to lawful

10   permanent resident, with a priority date of April 12, 2001.  Id.

11   On June 28, 2005, Plaintiff Zhong filed Form I-824, a petition for action on an approved

12   application or petition with USCIS, to request that USCIS notify the consulate that his spouse and

13   daughter could join him in the United States.  Id., p. 1 ¶ 6.  USCIS approved the application on

14   August 30, 2005.   Id.   USCIS notified the United States consulate of the approval on

15   September 7, 2005, by faxing copies of the I-824 and approved adjustment of status application.  Id.

16   Plaintiff's daughter reached the age of twenty-one on April 29, 2006.  Complaint, p. 7 ¶ 19.

17   On December 17, 2007, Plaintiff's spouse and daughter, Yuqing Wang and Chen Zhong,

18   applied for immigrant visas.  Declaration of Chloe Dybdahl ("Dybdahl Decl."), p. 2 ¶ 4.   On

19   December 19, 2007, a consular officer issued a visa to Yuqing Wang. Id.  However, the consular

20   officer refused the immigrant visa application of Ms. Zhong because she was over the age of twenty-

21   one, and had not sought immigrant status within one year of the visa becoming available

22

23

24   [1]On March 1, 2003, the Department of Homeland Security and its United States Citizenship
and Immigration Services assumed responsibility for adjudication of applications for immigration

25   benefits, such as adjustment of status.  6 U.S.C. § 271(b).  Accordingly, the discretion formerly
vested in the Attorney General is now vested in the Secretary of Homeland Security.  6 U.S.C.

26   § 551(d).

27   [2]Visa bulletins are available on the Department of State's website; however, for the

28   convenience of the Court, a copy of the bulletin is attached to the Declaration of Melanie Proctor
("Proctor Decl.") as Exh. A.

1   to Plaintiff Zhong.

2                          IV.    LEGAL BACKGROUND

3        A.    LEGAL STANDARD

4              1.    Rule 12(b)(1) Motions

5        A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. See

6   e.g., Savage v. Glendale Union High School, 343 F.3d 1036, 1039-40 (9th Cir. 2003), cert. denied,

7   541 U.S. 1009 (2004).  A motion will be granted if the complaint, when considered in its entirety,

8   on its face fails to allege facts sufficient to establish subject matter jurisdiction.  Id. at 1039 n.2.

9   "When a defendant moves to dismiss a complaint for lack of subject matter jurisdiction pursuant to

10  Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction to

11  decide the claim."  R.K., ex rel. T.K. v. Hayward United School Dist., No. C 06-7836 JSW, 2007

12  WL 2778702, at *4 (N.D. Cal. Sept. 21, 2007), citing Thornhill Publ'n Co. v. General Tel. & Elecs.

13  Corp., 594 F.2d 730, 733 (9th Cir. 1979).

14       A motion to dismiss for lack of subject matter jurisdiction may take two forms: facial or

15  factual.  R.K., 2007 WL 2778702, at *4, citing Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

16  (9th Cir. 2004).  When the jurisdictional attack is "facial," the Court accepts the factual allegations

17  of the complaint as true, and construes those facts in the light most favorable to the non-moving

18  party.  R.K., 2007 WL 2778702, at *4.  If the attack is "factual," the Court may consider "affidavits

19  or other evidence that would be properly before the Court, and the non-moving party is not entitled

20  to any presumptions of truthfulness with respect to the allegations in the complaint."  Id.  Here,

21  because Defendants dispute Plaintiffs' allegations that they complied with the applicable statutes

22  and regulations, and whether the visa was refused, the jurisdictional attack is factual, and the Court

23  may consider the submitted declarations.  Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Biotics

24  Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983).

25             2.    Summary Judgment

26       Summary judgment is appropriate when the "pleadings, depositions, answers to

27  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

28  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

1   of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a

2   reasonable fact finder to find for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477

3   U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case. See

4   id. at 248. The Ninth Circuit has declared that "[i]n considering a motion for summary judgment,

5   the court may not weigh the evidence or make credibility determinations, and is required to draw

6   all inferences in a light most favorable to the non-moving party." Freeman v. Arpaio, 125 F.3d 732,

7   735 (9th Cir. 1997). A principal purpose of the summary judgment procedure is to identify and

8   dispose of factually unsupported claims. See Celotex Corp. v. Cattrett, 477 U.S. 317, 323-24 (1986).

9          B.       JURISDICTION UNDER THE MANDAMUS ACT, THE ADMINISTRATIVE
10                  PROCEDURE ACT, AND THE DECLARATORY JUDGMENT ACT

11          Under the Mandamus Act, a court may compel performance of "a duty owed to the plaintiff."

12  28 U.S.C. § 1361. Further, "[m]andamus writs, as extraordinary remedies, are appropriate only

13  when a federal officer, employee, or agency owes a nondiscretionary duty to the plaintiff that is 'so

14  plainly prescribed as to be free from doubt.'" Stang v. IRS, 788 F.2d 564 (9th Cir. 1986), quoting

15  Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1180 (9th Cir. 1983). The United States Supreme Court

16  has stated that "[t]he common law writ of mandamus is intended to provide a remedy for a plaintiff

17  only if . . . the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602,

18  616 (1984). The Ninth Circuit has explained that

19              [m]andamus . . . is available to compel a federal official to perform a duty only if: (1)
                the individual's claim is clear and certain; (2) the official's duty is nondiscretionary,
20              ministerial, and so plainly prescribed as to be free from doubt, and (3) no other
                adequate remedy is available.
21

22  Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003). Mandamus is an extraordinary remedy.

23   See Cheney v. U.S. Dist. Ct . for the District of Columbia, 542 U.S. 367, 392 (2004) (Stevens,

24  J., concurring); Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980).

25          The Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., does not provide an

26  independent jurisdictional basis. Califano v. Sanders, 430 U.S. 99, 107 (1977); Staacke v. U.S.

27  Department of Labor, 841 F.2d 278, 282 (9th Cir. 1988). Rather, it merely provides the standards

28  for reviewing agency action once jurisdiction is otherwise established. Staacke, 841 F.2d at 282.

1    The Court has jurisdiction over Plaintiff's APA claim "only if §§ 702 and 706(1) of the APA, in

2    conjunction with the federal question statute, 28 U.S.C. § 1331, provide jurisdiction." Alzuraiki v.

3    Heinauer, No. 07CV 3189, 2008 WL 413861, at *2 (D. Neb. Feb. 13, 2008).  Under the APA, a

4    court may compel an administrative agency to perform an action that has been "unlawfully

5    withheld" or "unreasonably delayed" by that agency.  5 U.S.C. § 706(1).  A court cannot compel an

6    agency to take an action it is not lawfully required to take.  Norton v. So. Utah Wilderness Alliance,

7    542 U.S. 55, 63 (2004).  Finally, the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, does not

8    provide an independent basis for jurisdiction; rather, it only expands the range of remedies available

9    in federal courts.  Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950).

10         C.    EMPLOYMENT BASED VISAS AND FOLLOWING TO JOIN BENEFITS

11         Congress has placed numerical limitations on employment based visas.  8 U.S.C. § 1151(d).

12   The Department of State ("State Department") coordinates with USCIS to manage the individual

13   allotment of employment-based visas.  Ptaskinska v. U.S. Dept. of State, No. 07 C 3795, 2007 WL

14   3241560, at *1 (N.D. Ill. Nov. 1, 2007).  The State Department issues a monthly visa bulletin

15        estimating the number of anticipated visas that will be issued during any quarter of
           the fiscal year . . . . The priority date is the date on which USCIS receives and
16         accepts for filing the alien's labor certification in cases for which a labor certification
           is required before an employer may file Form I-140, which is an Immigration
17         Petition for an Alien Worker.

18   Id.; 8 C.F.R. § 204.5(d).

19         Children of employment-based immigrants, who are not otherwise entitled to immigrant

20   status, shall be entitled to the same status, and in the same order of consideration, if accompanying

21   or following to join, the parent.  8 U.S.C. § 1153(d).  An approved employment-based adjustment

22   applicant may file Form I-824 to request USCIS to notify the United States consulate that his status

23   has been adjusted, allowing his spouse and/or children to apply for an immigrant visa.  Complaint,

24   Exh. I.  Children are defined in the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., as "an

25   unmarried person under twenty-one years of age."[3]  8 U.S.C. § 1101(b)(1).

26         Congress passed the Child Status Protection Act ("CSPA"), Pub. L. No. 107-208, 116 Stat.

27

28         [3]The definition is not all-inclusive, and includes only certain categories not relevant here.
           8 U.S.C. § 1101(b)(1).

MEMORANDUM OF POINTS AND AUTHORITIES
No. C 08-2871 WHA                    5

927, §§ 2, 3 (Aug. 6, 2002), codified at 8 U.S.C. §§ 1151, 1153, to provide age-out protection for

aliens who were children at the time a petition for permanent resident status was filed on their

behalf. <u>Ochoa-Amaya v. Gonzales</u>, 479 F.3d 989, 992 (9th Cir. 2007).  As it applies to the case at

hand, CSPA provides that

> (h) Rules for determining whether certain aliens are children
>
>> (1) In general
>>
>> For purposes of subsections (a)(2)(A) and (d) of this section, a determination of whether an alien satisfies the age requirement in the matter preceding subparagraph (A) of section 1101(b)(1) of this title shall be made using–
>>
>>> (A) the age of the alien on the date on which an immigrant visa number becomes available for such alien (or, in the case of subsection (d) of this section, <u>the date on which an immigrant visa number became available for the alien's parent), but only if the alien has sought to acquire the status of an alien lawfully admitted for permanent residence within one year of such availability</u>; reduced by
>>>
>>> (B) the number of days in the period during which the applicable petition described in paragraph (2) was pending.

8 U.S.C. § 1153(h)(1) (emphasis added).  Thus, for alien children who seek to follow to join their

parents, CSPA applies only to those applicants who apply for adjustment within one year of the date

the parent's visa became available.  <u>Id.</u>

 If the consular officer determines that the alien is ineligible for a visa, no visa will be issued.

8 U.S.C. § 1201(g).  The applicant bears the burden of proof to establish eligibility for a visa.

8 U.S.C. § 1361.  A visa may be refused only upon a ground specifically set out in the law or

implementing regulations. 22 C.F.R. § 40.6.  Notably, only consular officers have the power to issue

visas.  8 U.S.C. §§ 1101(a)(9), (16); 1201(a); <u>Patel v. Reno</u>, 134 F.3d 929, 933 (9th Cir. 1997).

## V.    ANALYSIS

A.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

 1.    <u>The Doctrine of Consular Nonreviewability Precludes Plaintiffs' Claims</u>

 Courts have long held that in foreign affairs matters, "judicial intervention has been restricted

to those matters the review of which has been 'authorized by treaty or statute, or is required by the

paramount law of the Constitution.'" <u>Ventura-Escamilla v. INS</u>, 647 F.2d 28, 30 (9th Cir. 1981),

quoting <u>Hampton v. Mow Sun Wong</u>, 426 U.S. 88, 101 n. 21 (1976).  Moreover, the decision of a consular officer to grant or deny a visa is not subject to court review.  <u>Centeno v. Schultz</u>, 817 F.2d 1212, 1214 (5th Cir. 1987), <u>cert. denied</u>, 484 U.S. 1005 (1988); <u>Li Hing of Hong Kong, Inc. v. Levin</u>, 800 F.2d 970, 971 (9th Cir. 1986); <u>Ventura-Escamilla</u>, 647 F.2d at 30; <u>United States ex rel. Ulrich v. Kellogg</u>, 30 F.2d 984, 986 (D.C. Cir. 1929), <u>cert. denied</u>, 279 U.S. 868 (1929).  This well settled doctrine is supported by United States Supreme Court precedent, the legislative history of the Immigration and Nationality Act, and the terms of the statute itself.  <u>See</u> <u>Lem Moon Sing v. United States</u>, 158 U.S. 538, 547 (1895) ("The power of Congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come into this country, and to have its declared policy in that regard enforced exclusively through executive officers, <u>without judicial intervention</u>, is settled by our previous adjudication.").

The Ninth Circuit has noted that "[t]he Supreme Court has repeatedly affirmed that the legislative power of Congress over the admission of aliens is virtually complete."  <u>Ventura-Escamilla</u>, 647 F.2d at 30, citing <u>Fiallo v. Bell</u>, 430 U.S. 787, 792 (1977), and <u>Kleindienst v. Mandel</u>, 408 U.S. 753, 766 (1972).  Here, the consular officer refused to issue a visa.  Dybdahl Declaration, p. 2 ¶ 4.  That decision is not subject to judicial review. 8 U.S.C. § 1201(g); 22 C.F.R. § 42.81(a); <u>see also</u> <u>Svensborn v. Keisler</u>, No. C07-5003 TEH, 2007 WL 3342751, at *4 (N.D. Cal. Nov. 7, 2007) (discussing § 1201(g) refusals).  Indeed, Congress specifically considered and rejected the suggestion that the consular officer's decision be administratively or judicially reviewable:

> Consular decisions– Although many suggestions were made to the committee with a view toward creating in the Department of State a semijudicial board, similar to the Board of Immigration Appeals, with jurisdiction to review consular decisions pertaining to the granting or refusal of visas, the committee <u>does not feel that such body should be created by legislative enactment, nor that the power, duties and functions conferred upon Consular officers by the instant bill should be made subject to review by the Secretary of State</u>.

<u>Ventura-Escamilla</u>, 647 F.2d at 30-31, quoting H. Rep. No. 1365, 82d Cong., 2d Sess., 1952 U.S.C.C.A.N. 1653, 1688 (emphasis added).

Cases decided under this doctrine make it clear that the Court has no jurisdiction to consider requests for review of consular visa decisions, and that Plaintiffs' request for relief is deficient as a matter of law.  <u>See, e.g.</u>, <u>Perales v. Casillas</u>, 903 F.2d 1043, 1046 (5th Cir. 1990) (stating in dicta

1  that "[t]he consular decision on visa application is totally immune from review"); <u>Ventura-Escamilla</u>,

2  647 F.2d at 30 (holding that court had no jurisdiction to review consul's decision to deny immigrant

3  visa application); <u>Rivera de Gomez v. Kissinger</u>, 534 F.2d 518, 519 (2d Cir. 1976) (same); <u>Garcia</u>

4  <u>v. Baker</u>, 765 F. Supp. 426, 427 (N.D. Ill. 1990) (finding court lacked jurisdiction to review refusal

5  of immigrant visa based on exclusion ground); <u>Hermina Sague v. United States</u>, 416 F. Supp. 217,

6  219 (D.P.R. 1976).   As the district court noted in <u>Romero v. Consulate of United States</u>,

7  <u>Barrangquilla</u>, 860 F. Supp. 319, 322 (E.D. Va. 1994), "the doctrine of consular nonreviewability

8  is essentially without exception."  Thus, a consular officer's visa determination is not subject to

9  review, even if:

10      – the officer allegedly failed to follow Department regulations, <u>Burrafato v. Department of</u>

11  <u>State</u>, 523 F.2d 554 (2d Cir. 1975), cert. denied, 424 U.S. 910 (1976);

12      – the applicant challenges the validity of the regulations on which the decision was based,

13  <u>Ventura-Escamilla</u>, 647 F.2d at 31;

14      – the decision was alleged to have been based on a factual or legal error or was contrary to

15  the law, <u>Centeno</u>, 817 F.2d 1212, 1213 (5th Cir. 1987); <u>Loza-Bedoya v. INS</u>, 410 F.2d 343 (9th Cir.

16  1969); <u>Grullon v. Kissinger</u>, 417 F. Supp. 337 (E.D.N.Y. 1976), <u>aff'd without op.</u>, 559 F.2d 1203

17  (2d Cir. 1977);

18      – the applicant claims the decision is reviewable under the APA, <u>Romero</u>, 860 F. Supp. 319,

19  324 (E.D. Va. 1994), citing <u>Haitian Refugee Center v. Baker</u>, 953 F.2d 1498, 1507 (11th Cir.), cert.

20  denied, 502 U.S. 1122 (1992); or

21      – the applicant challenges the reasonableness of the determination, <u>United States. ex rel.</u>

22  <u>London v. Phelps</u>, 22 F.2d 288, 290 (2d Cir 1927), cert. denied, 276 U.S. 630 (1928); <u>Hermina</u>, 416

23  F. Supp. at 220-21.

24      Generally, the APA "waives sovereign immunity for suits against federal officers in which

25  the plaintiff seeks nonmonetary relief."  <u>Skranak v. Castenada</u>, 425 F.3d 1213, 1218 (9th Cir. 2005),

26  quoting <u>Metro. Water Dist. of S. California v. United States</u>, 830 F.2d 139, 143 (9th Cir. 1987).

27  However, the doctrine of consular nonreviewability precludes review under the APA.  <u>Bruno v.</u>

28  <u>Albright</u>, 197 F.3d 1153, 1157-59 (D.C. Cir. 1999).  The APA contains two "notable qualifications"

1    to the presumption of judicial review:  "The validity of agency action may not be tested in court if

2    'statutes preclude judicial review' or if 'agency action is committed to agency discretion by law.'"

3    Id. at 1157, quoting 5 U.S.C. § 701(a)(1)-(2).  Moreover,

4            . . . § 702 itself contains another qualifying clause. It provides that "Nothing herein"–
             which includes the portion of § 702 from which the presumption of reviewability is
5            derived–" affects other limitations on judicial review or the power or duty of the
             court to dismiss any action or deny relief on any other appropriate legal or equitable
6            ground," 5 U.S.C. § 702(1). The House Report accompanying this amendment
             described these "other limitations" as including "express or implied preclusion of
7            judicial review." H.R. Rep. No. 94-1656, at 12 (1976).

8    Bruno, 197 F.3d at 1158.  The appellate court further noted,

9            The Administrative Conference of the United States, which had proposed the specific
             language enacted as § 702(1), explained that the courts would still refuse "to decide
10           issues about foreign affairs, military policy and other subjects inappropriate for
             judicial action."

11

12   Id., quoting 1 RECOMMENDATIONS AND REPORTS OF THE ADMINISTRATIVE

13   CONFERENCE 191, 225 (emphasis added).

14           The court in Bruno concluded that § 702 review of the consular decision to refuse a visa was

15   precluded by the provisions of both §§ 701(a)(1) and 702(1).  Bruno, 197 F.3d at 1158.  For the

16   same reason, jurisdiction does not exist under the Mandamus Act, 28 U.S.C. § 1361.  Id. at 1159.

17   Here, as in Bruno, the Court lacks subject matter jurisdiction, and the Complaint should be

18   dismissed.

19           2.    Patel Does Not Apply Where The Visa Has Been Refused

20           Plaintiffs cite the Ninth Circuit's decision in Patel, 134 F.3d 929, for the proposition that the

21   Court has jurisdiction.  Complaint, p. 10 ¶ 29.  There, the Ninth Circuit held that once a visa

22   application is submitted, a consular officer has a duty to act, and may not hold the application in

23   abeyance.  Patel, 134 F.3d at 933.  Because the consular officer's refusal was not in compliance with

24   the former 22 C.F.R. § 42.81(b), the appellate court concluded that it was not a final decision and

25   that it could order a consular officer to adjudicate a visa application in accordance with the

26   regulations.  Id.

27           Since Patel was decided, the regulations have been modified, and they now explicitly provide

28   that a consular officer may fulfill his or her duty to issue or refuse a visa by refusing a visa under

8 U.S.C. § 1201(g).   22 C.F.R. § 42.81(a); see also Sevensborn, 2007 WL 3342751, at *4. Moreover, here, the consular officer complied with the requirements of 22 C.F.R. § 42.81, and refused the visa under 8 U.S.C. § 1201(g). Accordingly, the Court lacks subject matter jurisdiction, and the Complaint should be dismissed.

### 3. The Non-Consular Officials Are Not Properly Named

The Ninth Circuit has held that "mandamus is an inappropriate remedy" with regard to non-consular officials, whose duties are discretionary. Patel, 134 F.3d at 933; see also Luo v. Coultice, 178 F. Supp. 2d 1135, 1139-40 (C.D. Cal. 2001) (finding that under Patel, mandamus action to compel action on previously approved I-130 petitions could not lie against the director of the California Service Center). Accordingly, the Court lacks jurisdiction over non-consular officers, and the Complaint against all non-consular officials should be dismissed.

### B. VENUE IS IMPROPER

Proper venue in a civil action in which a defendant is an officer of the United States or any agency thereof, acting in his official capacity may be brought in any judicial district in which

> (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e) (emphasis added). As explained below, because none of the events at issue took place in this district, and Defendant does not reside here, there is no basis for venue in the Northern District of California.

### 1. Plaintiffs Do Not Reside In This District

Plaintiffs state in their Complaint that venue is proper in this judicial district because Plaintiff Zhong resides in this District. Complaint, p. 3 ¶ 4. Aliens may not base venue on their residence. Ou v. Chertoff, No. 07-3676 MMC, 2008 WL 686869, at *2 (N.D. Cal. Mar. 12, 2008); see Brunette Machine Works, LTD. v. Kockum Industries, Inc., 406 U.S. 706, 714 (1972) ("suits against aliens are wholly outside the operation of all the federal venue laws"); Galveston, Harrisburg and San Antonio Railway Co. v. Gonzales, 151 U.S. 496 (1894) (diversity); Williams v. United States, 704 F.2d 1222, 1225 (11th Cir. 1983); Fleifel v. Vessa, 503 F. Supp. 129, 130 (W.D. Va. 1980) ("an alien has no residence in the United States for venue purposes"); Prudencio v. Hanselmann, 178 F.

1    Supp. 887 (D. Minn. 1959); 6A WEST'S FEDERAL PRACTICE MANUAL § 7446.

2                    2.    No Acts or Omissions Occurred In This District

3        Plaintiffs have failed to identify any event that occurred in this district.  Plaintiffs filed the

4    petition at issue with the Texas Service Center ("TSC").  Complaint, Exh. E.  The TSC is located

5    in Texas, and thus, is not in this District.  The TSC approved the petition and faxed it to the

6    consulate in China.  Walker Decl., p. 1 ¶ 6.  Accordingly, the alleged acts and omissions giving rise

7    to the claim did not occur in this District.  Moreover, Plaintiffs ask the Court to review action that

8    occurred in China.

9                    3.    The Named Defendants Do Not Reside In This District

10        Civil actions against officers or employees of the United States, or of any agency thereof,

11    acting in their "official capacity" or "under color of legal authority," may be brought in any district

12    in which the defendant resides.  28 U.S.C. § 1391(e)(1).  Generally, for venue purposes, residence

13    of a federal officer is the place where he or she performs his or her official duties.  Reuben H.

14    Donnelley Corp. v. FTC, 580 F.2d 264, 267 (7th Cir. 1978).

15        In the case at hand, Plaintiffs have named six defendants.  See Complaint, pp. 4-5 ¶¶ 7-12.

16    The Department of State, Secretary Rice, Ms. Harty, and Mr. Scharfen[4] perform their official duties

17    in the District of Columbia.  Mr. Goldberg and Mr. Jacobsen perform their official duties in China.

18    Therefore, Defendants' residence lies in the District of Columbia and China.  See, e.g., Franz v.

19    United States, 591 F. Supp. 374, 377 (D.D.C. 1984) (venue for equitable claims asserted against the

20    Attorney General was proper in the District of Columbia).  Moreover, there is no government

21    official in this District with authority over the substance of the action.

22        Transfer is appropriate where it is in the interest of justice.  28 U.S.C. § 1406(a).  Here, as

23    explained above, because the Court lacks subject matter jurisdiction, dismissal is appropriate.  King

24    v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

25    ///

26    ///

27

28        [4]Plaintiffs named Emilio T. Gonzalez as the Director of USCIS; however, Jonathan Scharfen
     is now the Acting Director of USCIS.

MEMORANDUM OF POINTS AND AUTHORITIES
No. C 08-2871 WHA                                11

C.    ALTERNATIVELY, SUMMARY JUDGMENT SHOULD BE GRANTED IN DEFENDANTS' FAVOR BECAUSE THE VISA REFUSAL WAS IN ACCORDANCE WITH THE LAW

Moreover, contrary to Plaintiffs' contentions, the visa refusal was in accordance with the law. CSPA is clear on its face: the I-824 should have been filed within one year of the visa becoming available to Plaintiff Zhong. 8 U.S.C. § 1153(h)(1)(A). CSPA clearly states that the age-out protection is available "only if the alien has sought to acquire the status of an alien lawfully admitted for permanent residence within one year" of the date her parent's visa became available. Id. Here, the visa was available on October 25, 2002. Walker Decl., p. 1 ¶ 4; Proctor Decl., Exh. A.

Plaintiffs have clearly misread the instructions provided by USCIS on this point. Complaint, p. 6 ¶ 15. They posit that because USCIS will not process an I-824 until such time that an application or petition has been approved, they necessarily had to wait until that date to file the application. Id. In fact, the very instruction sheet on which Plaintiffs rely for this proposition states clearly that the I-824 may be filed "at any time while the application or petition is valid." Complaint, Exh. I (emphasis added).

Plaintiffs also contend that the I-824 filing requirement was a new requirement, imposed in January 2003, "more than one year after Mr. Zhong submitted his adjustment application." Complaint, p. 8 ¶ 20. This argument is without merit. First, the guidance was issued less than one month after Plaintiff Zhong applied to adjust his status on December 23, 2002. Walker Decl., p. 2 ¶ 5. Second, CSPA went into effect on August 6, 2002, well before Plaintiff Zhong applied to adjust his status. CSPA, Pub. L. 107-208, § 8.

## VI.    CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to dismiss the Complaint. Alternatively, Defendants request an order granting summary judgment in their favor.

Dated: August 14, 2008                                    Respectfully submitted,

                                                          JOSEPH P. RUSSONIELLO
                                                          United States Attorney


                                                          _____/s/_____
                                                          MELANIE L. PROCTOR
                                                          Assistant United States Attorney
                                                          Attorneys for Defendants

1   JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
3   MELANIE L. PROCTOR (CSBN 228971)
    Melanie.Proctor@usdoj.gov
4   Assistant United States Attorney

5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
6       Telephone: (415) 436-6730
        FAX: (415) 436-7169
7
    Attorneys for Defendants
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12  JIAN MING ZHONG and CHEN ZHONG, )    No. C 08-2871 WHA
                                     )
13                       Plaintiffs, )
                                     )
14          v.                       )
                                     )
15  UNITED STATES DEPARTMENT OF      )    DECLARATION OF GENIZE X. WALKER
    STATE, et al.,                   )
16                                   )
                         Defendants. )
17  _____ )

18

19

20

21

22

23

24

25

26

27

28

WALKER DECLARATION
C 08-2871 WHA                    1

DECLARATION OF GENIZE X. WALKER

I, Genize X. Walker, pursuant to 28 U.S.C. 1746, do hereby declare that the following is true and correct to the best of my understanding and belief and in my official capacity I have the delegated authority to declare that:

1.  . I am employed by the United States Citizenship and Immigration Services (USCIS) as a Supervisory Adjudications Officer at the Texas Service Center (TSC) in Dallas, Texas ("the Center").

2.  This declaration is submitted in the case of Jianming Zhong and Chen Zhong on the docket of the United States District Court for the Northern District of California.

3.  The information below is based upon my review of the files, electronic records, personal knowledge, and other information that has become known to me in the course of my official duties.

4.  On May 9, 2002, Hwang's Food Inc. (petitioner) filed a Petition for Alien Worker (Form I-140) for the Plaintiff Jianming Zhong (beneficiary), with the former Immigration and Naturalization Service (INS). The INS approved the I-140 on October 25, 2002, under the employment third preference visa category (8 U.S.C. § 1153(b)(3)(A)(i) [skilled worker]).

5.  On December 23, 2002, the Plaintiff Jianming Zhong filed an application for adjustment (Form I-485), based upon the petition filed by Hwang's Food Inc. On April 26, 2005, the Plaintiff Jianming Zhong adjusted his status to lawful permanent residence under 8 U.S.C. § 1255 in the employment third preference visa category, with a priority date of April 12, 2001.

6.  On June 28, 2005, the Plaintiff Jianming Zhong filed an Application for Action on an Approved Application or Petition (Form I-824), which was approved on August 30, 2005. Upon information and belief, the Center notified the U.S. consulate by faxing copies of the I-824 and I-485, on or about September 7, 2005.

Declaration of Genize X. Walker            1            Case No.: 3:08-cv-02871-WHA

1

2  I declare under penalty of perjury that the foregoing is true and correct.  Executed this 28th day

3  of July, 2008 at Dallas, Texas.

4

5  _____

6  Genize X. Walker
   Supervisory Adjudications Officer
7  Texas Service Center

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Declaration of Genize X. Walker            2            Case No.: 3:08-cv-02871-WHA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JIAN MING ZHONG and<br>CHEN ZHONG, | ) <br> ) <br> ) | No. 08-cv-02871 |
| Plaintiffs, | ) <br> ) | DATE: August 13, 2008 |
| v. | ) <br> ) <br> ) | DECLARATION OF |
| DEPARTMENT OF STATE<br>et al. | ) <br> ) <br> ) | Chloé Dybdahl |

I, Chloé Dybdahl, hereby declare under penalty of perjury:

1. I, Chloé Dybdahl, am employed by the U.S. Department of State as attorney adviser of the legal advisory opinion section of the Visa Office, Bureau of Consular Affairs. In that capacity I am authorized to search the electronic Consular Consolidated Database of the U.S. Department of State, Bureau of Consular Affairs, for replicated records of non-immigrant and immigrant visas issued at U.S. embassies and consular posts overseas. The following declaration is based on my personal knowledge and information acquired in my official capacity in the performance of my official functions.

2. The Consular Consolidated Database contains replicated electronic data recording pending non-immigrant and immigrant visa cases, visa applications, visa interviews, and visas issued and refused at U.S. diplomatic and consular posts, including Guangzhou, China.

3. The Consular Consolidated Database reflects the following. The immigrant visa case of Yuqing Wang is assigned the case number of GUZ2006227021. The case includes an additional applicant, Chen Zhong.

4. The Consular Consolidated Database further reflects that Yuqing Wang (DPOB: 02-FEB-1958, China) and Chen Zhong applied for immigrant visas on December 17, 2007. The Consular Consolidated Database shows that on December 19, 2007, a consular officer issued a visa to Yuqing Wang. A consular officer refused the immigrant visa application of Chen Zhong because she was over the age of 21 and consequently not eligible for the requested visa.

I declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

    Washington, D.C.
    August 13, 2008


    Chloé Dybdahl

1 | JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
2 | JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
3 | MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
4 | Assistant United States Attorney

5 | 450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
6 | Telephone: (415) 436-6730
FAX: (415) 436-7169

7 |

8 | Attorneys for Defendants

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | SAN FRANCISCO DIVISION

12 | JIAN MING ZHONG and CHEN ZHONG,    )    No. C 08-2871 WHA
                                     )
13 |                      Plaintiffs,   )
                                     )
14 |         v.                        )
                                     )
15 | UNITED STATES DEPARTMENT OF         )    DECLARATION OF MELANIE PROCTOR
    STATE, et al.,                     )
16 |                                   )
                         Defendants.   )
17 | _____ )

18 | I, Melanie Proctor, declare and state as follows:

19 |         1.      I  am employed by the United States Attorney's Office, Northern District of

20 | California, as an Assistant United States Attorney.  My current employment address is 450 Golden

21 | Gate Avenue, Box 36055, San Francisco, California, 94102.  I am the attorney assigned to the

22 | above-captioned matter.

23 |         2.      On August 14, 2008, I met and conferred with Plaintiff's counsel, Daniel Huang, to

24 | ensure that the hearing date of Thursday, October 9, 2008 was agreeable.

25 |         3.      A true and correct copy of the visa bulletin for October 2002 is attached hereto as

26 | Exh. A.

27 | ///

28 | ///

PROCTOR DECLARATION
C 08-2871 WHA                            1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      I declare under penalty of perjury that based upon reasonable inquiry and to my knowledge, information and belief, the foregoing to be true and correct.

      Signed this 14th day of August, 2008, in San Francisco, California.

                      /s/
                MELANIE L. PROCTOR

EXHIBIT A

# Visa Bulletin

*Number 50*
*Volume VIII*
*Washington, D.C.*

## VISA BULLETIN

**Priority Dates for Family Based Immigrant Visas**

|  | All Chargeability Areas Except Those Listed | MEXICO | PHILIPPINES |
|---|---|---|---|
| **Family** |  |  |  |
| **1st** | 01MAR99 | 01NOV91 | 01DEC89 |
| **2A\*** | 15JUL97 | 01FEB95 | 15JUL97 |
| **2B** | 01FEB94 | 22OCT91 | 01FEB94 |
| **3rd** | 08OCT96 | 15JUL92 | 01OCT89 |
| **4th** | 01OCT90 | 22MAY90 | 08OCT81 |

**Priority Dates for Employment-Based Immigrant Visas**

|  | All Chargeability Areas Except Those Listed | INDIA | MEXICO | PHILIPPINES |
|---|---|---|---|---|
| **Employment - Based** |  |  |  |  |
| **1st** | C | C | C | C |
| **2nd** | C | C | C | C |
| **3rd** | C | C | C | C |
| **Other Workers** | C | C | C | C |
| **4th** | C | C | C | C |
| **Certain Religious Workers** | C | C | C | C |
| **5th** | C | C | C | C |
| **Targeted Employment Areas/Regional Centers** | C | C | C | C |

**All DV Chargeability Areas Except Those Listed Separately**

**Region**

AFRICA: AF 4,650
ASIA: AS 2,100

EUROPE: EU 8,100
NORTH AMERICA (BAHAMAS): NA 7
OCEANIA: OC 100
SOUTH AMERICA, and the CARIBBEAN: SA 336

*Department of State Publication 9514*
*CA/VO:September 9, 2002*
*Number 50*
*Volume VIII*

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELANIE L. PROCTOR (CSBN 228971)
   Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
6      Telephone: (415) 436-6730
       FAX: (415) 436-7169
7
   Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12  JIAN MING ZHONG and CHEN ZHONG, )    No. C 08-2871 WHA
                                     )
13                    Plaintiffs,    )
                                     )    PROPOSED ORDER ON DEFENDANTS'
14         v.                        )    MOTION TO DISMISS OR FOR
                                     )    SUMMARY JUDGMENT
15  UNITED STATES DEPARTMENT OF      )
    STATE, et al.,                   )    Date: October 9, 2008
16                                   )    Time: 8:00 a.m.
                      Defendants.    )    Ctrm: 9, 19th Floor
17  _____)

18        Plaintiffs brought this action to compel processing of their visa petitions.  However, on

19  September 19, 2006, a consular officer refused to issue visas to Plaintiffs. Declaration of Chloe

20  Dybdahl, p. 2 ¶ 4.  The Court lacks jurisdiction over consular processing. Ventura-Escamilla v. INS,

21  647 F.2d 28 (9th Cir. 1981). Accordingly, the Complaint will be dismissed for lack of subject matter

22  jurisdiction.  Furthermore, because Plaintiffs are not U.S. citizens, they may not base venue on their

23  residence, and the Complaint will be dismissed for improper venue.  Having reached this conclusion,

24  the Court need not address the remainder of Defendants' arguments.

25        IT IS SO ORDERED.  The Clerk shall close the file.  The parties shall bear their own costs

26  and fees.

27                                        _____
                                          WILLIAM ALSUP
28                                        United States District Judge

PROPOSED ORDER
No.  C 08-2871 WHA